JIMÉNEZ *v.* CARTAGENA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 815.—Resuelto en junio 21, 1912.

SENTENCIAS—IMPOSIBILIDAD DE CUMPLIRLAS—DEVOLUCIÓN DE CANTIDAD PAGADA INDEBIDAMENTE.—Los preceptos del artículo 1068 del Código Civil y 923 de la Ley de Enjuiciamiento Civil antigua, solamente son aplicables a los casos en que la ejecución de una sentencia se hace imposible por algún acto ejecutado por el propio demandado, pero no cuando la imposibilidad de cumplirla se debe a actos del demandante, como sucede en este caso.

ID.—CUESTIONES RESUELTAS EN LA SENTENCIA.—Cuando en una sentencia dictada en un pleito sobre cobro de pago indebido, el tribunal ordena que ambas partes litigantes devuelvan lo que ambas han recibido, no puede el demandante, bajo pretexto de que le es imposible devolver lo que él ha recibido, pedir al tribunal, después de dictada la sentencia, y en el procedimiento para su cumplimiento, que obligue al demandado a pagarle la cantidad que indebidamente recibió.

APELACIÓN—ORDENES INAPELABLES—SENTENCIA CONSENTIDA.—Es inapelable, por no tener el carácter de providencia especial dictada después de una sentencia definitiva, la resolución dictada por el tribunal sentenciador en el caso de autos denegando una moción del demandante para que como cumplimiento de la sentencia, se obligue al demandado a pagarle lo que indebidamente recibió.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Guzmán Benítez.*

Abogados del apelado: *Sres. Bosch y Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso se interpuso apelación contra la sentencia de la Corte de Distrito de San Juan negando una moción cuyo fin fué, según se ha alegado, solicitar la intervención de la corte en la ejecución de una sentencia. Los autos están formados por la sentencia contra la cual se ha interpuesto apelación,

la moción sobre la cual se dictó la resolución, la sentencia primitiva y las conclusiones de hecho de la corte.

Aparece de las conclusiones de hecho, de la corte, que en 1°. de junio, 1908, Emilio Jiménez y Juan José Cartagena, celebraron un contrato verbal en virtud del cual constituyeron una sociedad industrial denominada Cartagena y Jiménez con domicilio en la ciudad de San Juan, dedicada a trabajos de ingeniería, cuya sociedad debía repartir de por mitad entre ambos socios los productos líquidos que se obtuviesen, y desde esa fecha realizó dicha firma los negocios a que estaba dedicada sin haber llegado a formalizar su escritura de constitución, actuando los referidos socios como tales y con el uso de la firma social. Que en 6 de marzo de 1911 los socios acordaron practicar y practicaron un balance de los negocios de la sociedad, cuyo balance fué redactado y escrito por Emilio Jiménez con la intervención y consentimiento de Juan José Cartagena. Al practicarse dicho balance se incurrió en el error de consignar en el mismo como capital existente en la sociedad, varias partidas comprensibles de beneficios que se habían obtenido en diversos ramos por un valor de $10,142.14 cuyos beneficios ya en realidad no existían porque habían sido percibidos y gastados anteriormente por los mismos socios. Como consecuencia de este error, se incurrió en la equivocación de atribuir a cada partícipe, después de liquidadas todas las cuentas, un haber mayor del que realmente le correspondía a cada socio, a saber: a Juan José Cartagena, $4,429.20 y Emilio Jiménez $4,853.35. Al practicarse la liquidación definitiva en 19 de abril de 1911, para determinar el haber líquido de Cartagena, ambos socios practicaron dicha liquidación, encabezando el haber del susodicho Cartagena con la partida de $4,429.20 que unidos a otras partidas de beneficios obtenidos desde el 6 de marzo de 1911 hasta el 18 de abril del mismo año, arrojaban un haber a favor de Cartagena de $5,482.19 que constituyeron el precio de la venta, habiendo recibido Cartagena en pequeñas partidas $82.19 a cuenta de dicha suma. El día 3 de mayo de 1911 ambos socios otorgaron una escritura

de disolución de la sociedad y compraventa de la participación de Cartagena por precio de los $5,400 restantes, de los cuales Jiménez había entregado $5,000 a Cartagena antes del otorgamiento de esta escritura. Comprobado el error de la prueba practicada resulta, que a Cartagena solo le correspondía al disolverse la sociedad, la cantidad de $2,872.53, y habiéndose demostrado que se le entregaron $5,000 resulta que recibió indebidamente la cantidad de $2,209.66 los cuales está obligado a devolver.

Luego continúa la corte expresando que con arreglo a las condiciones de esta disolución y venta, y habiéndose descubierto el error, debe anularse según la ley el pago que se verificó en tales condiciones, debiendo restituirse las cosas al estado que tenían antes de ocurrir el error, según expresa Manresa en sus Comentarios al Código Civil, tomo 12, página 576. Y termina la corte expresando que Cartagena está obligado a devolver la cantidad que indebidamente se le pagó, teniendo también Jiménez la obligación de restituir la participación que haya recibido, para que queden restituídas, las cosas al estado que tenían antes. El juez llama también la atención hacia el hecho de haber Cartagena consentido en la venta de su participación, pero habiendo ocurrido un error en la cantidad, es evidente que este consentimiento está viciado por el error; y que debe tenerse en cuenta que el demandado estuvo conforme en devolver la cantidad siempre que el demandante se allanase a rescindir el contrato y a colocar las cosas en el estado que antes tuvieron, citando nuevamente la corte a Manresa con el mismo fin. Y fundándose en sus conclusiones de hecho y de derecho, la corte dictó una sentencia en 11 de noviembre, 1911, por la que ordena y decreta que ambas partes restituyan recíprocamente a la sociedad lo que indebidamente hayan percibido; o sea, que Cartagena debe devolver a la sociedad la suma total por él percibida; y Jiménez deberá restituir a la misma la participación total que haya percibido, quedando así las cosas en el estado que tenían antes de la realización de dicho contrato.

Así las cosas, en 16 de diciembre, 1911, Emilio Jiménez, por medio de sus abogados compareció ante la corte, fundándose en los hechos de la anterior sentencia y alegando que le era imposible dar cumplimiento a lo que en la misma se le ordenaba, porque algún tiempo después de la disolución de la sociedad y mientras el pleito estaba pendiente, había celebrado un contrato de sociedad con Antonio Ribot, Francisco del Valle Atiles y Francisco del Valle Muñoz y le sería imposible continuar en la anterior sociedad con Juan José Cartagena, por haber traspasado a la nueva sociedad todos los enseres y útiles de la sociedad disuelta; suplicando a la corte el peticionario, que de conformidad con el artículo 1068 del Código Civil y el 923 de la Ley de Enjuiciamiento Civil antigua, y por vía de ejecución de sentencia en este caso, se obligara a Cartagena a pagar a Jiménez el saldo que la corte estimó haber sido erróneamente tomado en cuenta al hacer los socios la liquidación.

Es evidente que mientras se encontraba pendiente la primera acción y antes de que se dictara sentencia, si bien el demandante solicitó que se le devolviera el dinero que alega fué pagado indebidamente al demandado y apelado, formó una sociedad con terceras personas traspasando a esa sociedad los útiles y enseres que anteriormente pertenecían a la firma de Cartagena y Jiménez, creando así la imposibilidad a que hace referencia en su moción. No consta de los autos cuáles fueran estos útiles y enseres, pero sí aparece en la moción que el apelante presentó en la corte inferior, que él consideraba que se había hecho imposible la restitución de las cosas al estado que tenían. Según hemos visto, la corte resolvió que cuando dos personas consienten en celebrar un contrato y en el consentimiento de una de las partes ha mediado algún error de hecho, el medio adecuado de subsanarlo es restituyendo las cosas al estado en que se encontraban anteriormente. El demandado había consentido en la disolución porque creyó que se le pagaría cierta suma de dinero y que tenía derecho a estar en condiciones de ser debidamente com-

pensado en su participación cualquiera que ésta fuera. La corte debidamente consideró así el caso en sus conclusiones y sentencia. Si el apelante quiso valerse de la acción que había iniciado, debió haber conservado el *status quo.* Los artículos 1068 del Código Civil y 923 de la Ley de Enjuiciamiento Civil antigua son aplicables a los casos en que el demandado, debido a algún acto propio, hace imposible la ejecución. En este caso, sin embargo, la dificultad la ocasionó el mismo demandante. El permitió que se celebrara el juicio y durante el mismo no demostró o alegó que hubiera traspasado los enseres y útiles de la sociedad de Cartagena y Jiménez a otra sociedad. Si lo hubiera hecho así entonces la corte hubiera adoptado otro procedimiento al dictar su sentencia, o tal vez habría resuelto que el demandante equivocó su causa de acción. Las alegaciones del pleito anterior no se encuentran en este tribunal. La moción del demandante no tenía por objeto que se reconsiderase la sentencia o que se celebrara un nuevo juicio en el que pudieran considerarse todos los hechos, sino que en ella solamente se pedía que la corte decretara que Cartagena pagara la suma que debía según la corrección que se hizo en la liquidación. Esto fué lo que debió haberse solicitado, ya en el pleito principal o mediante alguna otra acción semejante. Creemos que la sentencia resolvió enteramente la controversia entre las partes y que las cuestiones promovidas en la moción debieron haberse discutido en las alegaciones y pruebas sobre las que se fundó la sentencia, para que existiera una resolución definitiva de los derechos de las partes. La sentencia dictada constituyó tal determinación definitiva y la ley no proporcionaba al demandante el remedio por vía de ejecución según lo solicitó, por haber sido ya resueltos en la sentencia los derechos de las partes con respecto a este particular. La sentencia era congruente con la demanda y las pruebas, y como ya hemos dicho, en ella quedó resuelta toda la controversia, sin que se interpusiera recurso de apelación.

La repetida sentencia no fué apelada por ninguna de las

partes, y como la cuestión suscitada por el demandante con motivo de su ejecución, fué resuelta por el juez sentenciador en armonía con lo ya decidido en su sentencia consentida por ambas partes, no procede en manera alguna revocar su resolución.   Además, bajo tales circunstancias, no puede calificarse la orden recurrida, como una providencia especial dictada después de una sentencia definitiva y no cabe, por tanto, ejercitar contra ella el recurso de apelación que autoriza el artículo 295 del Código de Enjuiciamiento Civil, de conformidad con el principio enunciado por este tribunal y por la Corte Suprema de California en los casos de *Avalo Sánchez v. Díaz,* 9 P. R. R., 310;  9 D. P. R., 339;  *Tupp* v. *Santa Rosa Street R. R. Co.,* 69 Cal., 632; *Ayoroa* v. *Sucesión Méndez,* 13 P. R. R., 278-9;  13 D. P R., 286;  *Ríos* v. *Ríos,* 15 P. R. R., 264;  15 D. P. R., 281.

Debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.