GONZÁLEZ, DEMANDANTE Y APELANTE, *v.* SANTINI & CO. ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre tercería de bienes muebles (nuevo juicio).

No. 1705.—Resuelto en junio 29, 1918.

ENMIENDA DE LA SENTENCIA—FACULTADES INHERENTES DE LAS CORTES DE REGISTRO.—Las cortes de registro tienen facultades inherentes para enmendar sus sentencias de modo que se aseguren los fines de la justicia y para conformarlas con los hechos y la verdad del caso.  Y la concesión de una enmienda durante el término en que se dicte la sentencia o decreto no se alterará en apelación, salvo por abuso de discreción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Martínez Dávila.*

Abogados de los apelados: *Sres. Rafael Arce y M. Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Angel González interpuso una tercería alegando ser dueño de cierta cantidad de tabaco embargada por Santini y Com-

pañía como demandante en un pleito contra Francisco Jiménez Lajara.

Celebrado el juicio por los méritos del caso se declaró sin lugar la demanda del tercerista González. Tres días después, a instancias de Santini y Compañía y sin previa notificación a González, la corte enmendó su sentencia ordenando a González y a sus fiadores a pagar a Santini y Compañía el valor del tabaco que, según parece, había vendido González después de haber conseguido se levantase el embargo.

González apeló de esta orden y de otra posterior en la que se deniega la concesión de un nuevo juicio.

El primer motivo de error señalado consiste sustancialmente en que la corte erró al dejar de interpretar debidamente la sección 22 y el párrafo 5°. de la sección 162 de la Ley de Evidencia.

Estamos constreñidos a concurrir con la que parece haber sido opinión del juez de distrito, que la regla que debe regir la situación que se desarrolló en el juicio es la que se halla en la sección 21, que prescribe la manera en que puede ser rechazada la presunción que existe en favor de la verdad de la declaración de un testigo, más bien que en la 22, de la Ley de Evidencia, por la que se protege el derecho de una parte del perjuicio que pueda irrogársele por la declaración de otra persona; y un detenido examen de los autos en su totalidad no revela base sólida alguna que apoye la contención de que la conclusión a que llegó la corte sentenciadora no sea conforme con la preponderancia de la prueba.

El segundo motivo de error apuntado consiste en que la corte erró al declarar con lugar la moción para enmendar la sentencia, sin que dicha moción se notificase al demandante en la tercería. No se ha levantado cuestión alguna respecto de la naturaleza de la enmienda o de la facultad de la corte para hacer dicha enmienda, independientemente del requisito del artículo 135 del Código de Enjuiciamiento Civil. Las cortes de registro tienen facultades inherentes para enmendar sus sentencias "de modo que se aseguren los fines de la

justicia y para conformarlas con los hechos y la verdad del caso.'' Y ''la concesión de una enmienda durante el término en que se dicte la sentencia o decreto no se alterará en apelación salvo por abuso de discreción.'' 15 R. C. L. p. 672, sec. 123.

La orden recurrida puede muy bien considerarse como dictada *nunc pro tunc*, durante el término, a sugestión hecha por la parte interesada, con el fin de hacer que la sentencia sea conforme con los hechos indisputables que demuestran, por aparecer de los propios autos, un derecho indiscutible a la enmienda concedida; y el apelante ni siquiera trató de señalar el perjuicio irrogádole en sus derechos sustanciales. 1 Black on Judgments. (2ª. Ed.) secciones 134, 163, 164.

La sentencia y orden recurridas son de confirmarse.

*Confirmadas la sentencia y orden recurridas.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron en la resolución de este caso.