CARRASQUILLO, DEMANDANTE, APELADO Y APELANTE, *v.* BERTRÁN
ET AL., DEMANDADOS, APELANTES Y APELADOS.

APELACIONES procedentes de la Corte de Distrito de Humacao
en pleitos sobre daños y perjuicios y moción de nuevo
juicio.

Números 2501, 2306, 2443.—Resueltos en julio 28, 1921.

REIVINDICACIÓN—FRUTOS PERCIBIDOS—COSA JUZGADA.—La defensa de cosa juzgada
no debe prosperar contra una acción reclamando frutos por el hecho de que
habiéndose reclamado éstos en un pleito anterior juntamente con los bienes
que los habían producido, la sentencia que ordenó la reivindicación de los
bienes se limitara a declarar con lugar la demanda, cuando es lo cierto que
en dicho pleito anterior las partes estipularon que en el caso que la senten-
cia favoreciera a la demandante el valor de los frutos y rentas que estuvo
percibiendo el causante de los demandados hasta su fallecimiento en 1908,
se determinará por la corte o por un *referee* designado por ésta.

ID.—ARBITRIOS—FRUTOS—PRUEBA DE LA CUANTÍA DE FRUTOS PERCIBIDOS.—Ha-
biendo la corte instruído a los árbitros nombrados en el sentido de que fun-
daran en la prueba de testigos su decisión sobre la cuantía de los frutos

percibidos, es nula una decisión arbitral en la cual apartándose de las instrucciones fijaron tal cuantía usando solo su propio juicio por entender que su experiencia personal era suficiente.

ID.—FRUTOS—MALA FE.—La condena de frutos procede en este caso en cuanto al período de tiempo en que los bienes reivindicados fueron poseídos por el causante de los demandados cuya posesión. llevaba el sello de la mala fe, pero no desde que éstos los recibieron a título de herencia. *Longpré* v. *Díaz* 237 U. S. 512..

Los hechos están expresados en la opinión.

Abogados de la parte demandante: *Sres. F. Cervoni Gely* y *R. López Antongiorgi.*

Abogados de la parte demandada: *Sres. F. González* y *C. Travecier.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Están pendientes de resolución cu esta Corte Suprema el recurso de apelación interpuesto por los demandados contra la sentencia dictada por la Corte de Distrito de Humacao el 12 de junio de 1920 en el pleito seguido por Modesta Carrasquillo contra María Margarita, Juana Bertrán Carrasquillo y otros, sobre daños y perjuicios; el establecido por la demandada contra una parte de la misma sentencia, y el tramitado por los demandados contra la orden de la corte negándose a conceder un nuevo juicio en el indicado pleito. A virtud del examen de todas las cuestiones envueltas, creemos que pueden y deben considerarse en una sola opinión, resolviéndose los tres recursos por una sola sentencia.

. En la demanda se alega que Modesta Carrasquillo es hija de Manuel María Carrasquillo que falleció en Humacao el 9 de julio de 1895 bajo testamento; que al practicarse las ʳaciones divisorias se adjudicaron a Juan Bertrán, el 25 ꞏꞏꞏ ꞏo de 1896 y en pago de $30,076.19 moneda provinde febreꞏ ꞏꞏcas y condominios que se describen; que al cial, varias hꞏ ʲiudicaciones la demandante era menor y verificarse tales auꞏ ꞏꞏron sin que mediara autorización a pesar de ello se efeꞏ ꞏ ꞏ las fincas y murió en judicial; que Bertrán se posesionó ꞏꞏ ꞏꞏꞏ: que marzo de 1908 sucediéndole sus hijos los demanꞏꞏꞏ,

al llegar a su mayoridad la demandante en unión de sus hermanos, en 1915, inició un pleito solicitando la nulidad de las dichas adjudicaciones y la corte dictó sentencia condenando a los demandados a devolver a la demandante la parte que a ella correspondía en los bienes adjudicados, siendo firme dicha sentencia; que desde 25 de febrero de 1896 hasta el 15 de julio de 1918 en que se decidió en definitiva el pleito, la demandante estuvo privada de sus bienes que disfrutaron Bertrán y sus sucesores percibiendo los frutos y rentas que correspondían a la demandante; que los demandados y su causante sabían de propio conocimiento que su posesión era ilegal, y que dada la fertilidad de las tierras de que se trata, produjeron durante el período indicado cuarenta mil dólares.

Los demandados excepcionaron la demanda y la contestaron, alegando entre otras la defensa de cosa juzgada.

Durante el juicio las partes acordaron someter la cuestión de la cuantía de los productos a tres árbitros que fueron nombrados por la corte, uno propuesto por la demandante, otro por los demandados, y otro elegido por la corte misma. Dichos árbitros presentaron una decisión, por mayoría de votos, el 3 de junio de 1920, sin haber oído a las partes y sin que se les sometieran pruebas por la demandante, fijando los frutos en $25,584.13. La corte dictó sentencia ordenando el pago de esa suma.

Dos son los fundamentos que alegan los demandados para pedir la revocación de la sentencia; primero, que la corte erró al no considerar que la cuestión envuelta en este caso quedó juzgada en el primitivo pleito iniciado por la demandante y sus hermanos, y segundo, que erró la corte al aceptar como válido el dictamen de los peritos.

Examinemos la cuestión de cosa juzgada. Es cierto que de la demanda iniciando el primitivo pleito consta que se solicitaron los frutos, pero es cierto también que cuando se

celebraba el juicio del dicho pleito las partes estipularon, y la estipulación quedó archivada en los autos, lo que sigue:

"Que don Juan Bertrán hasta su fallecimiento ocurrido en Humacao en mayo de 1908, *estuvo percibiendo* los frutos de las fincas que son objeto de la demanda, y *que el valor de esos frutos y rentas se determine por la corte o por un 'referee' que la corte designe, después que la corte dicte sentencia, caso que se dicte a favor de la parte demandante.*"

La bastardilla es nuestra. Y en efecto la sentencia se dictó a favor de la parte demandante. Sus expresas palabras en lo pertinente son así: "dicta sentencia declarando con lugar la demanda en el presente caso."

El hecho de que en la propia sentencia no se hiciera un pronunciamiento expreso condenando a los demandados a pagar los frutos, no puede constituir un pronunciamiento implícito negando la condena e invocarse ahora como cosa juzgada en tal sentido. Al contrario, interpretada la estipulación y la sentencia claramente se concluye que las partes y la corte actuaron bajo la base de que los frutos seguirían a la sentencia si ésta se dictaba en favor de los demandantes. Y esa ha sido la interpretación de la corte inferior, debiendo hacerse constar que fué el mismo el juez que falló el pleito iniciado en 1915 y éste que está ahora sometido a nuestra consideración y resolución.

Es cierto que la demandante pudo y debió solicitar los frutos en el mismo pleito iniciado anteriormente, pero el error cometido al establecer para ello un pleito separado no creemos que sea de tal naturaleza que anule su derecho. No se ha demostrado que los demandados sufrieran algún perjuicio.

Veamos el segundo error señalado. De los autos resulta que habiendo las partes convenido someter a un arbitraje la determinación de la cuantía de los frutos reclamados, la corte ordenó que se nombraran tres árbitros, uno por cada parte y el otro por la corte "señalándose la sesión del día

13 de marzo de 1920, a las dos de la tarde, para que las personas nombradas se reunan en el salón de sesiones de la corte, en cuyo día deberán las partes someter prueba pertinente al caso.'' La corte dió amplias instrucciones a los árbitros y al terminarlas ocurrió lo que sigue:

"Lcdo. Cervoni: Quiero que la corte ilustre a los árbitros y a mi, si los árbitros necesitan acudir a la prueba de testigos. Ya la corte les ha dicho que pueden hacerlo, pero si ellos como son agricultores y conocedores de esas tierras resuelven de común acuerdo, podrán hacerlo también.

"Hon. Juez: No, ellos no son árbitros en el sentido de ser árbitros de la controversia, sino que ellos deben fundar su decisión en la prueba de testigos, aparte de la otra prueba de documentos; es decir, que los árbitros se colocan en la misma situación en que estaría el propio tribunal, y decidir en vista de la prueba que se aporte, por ejemplo: la corte llega a la conclusión de lo que se debe pagar es tanto, y en vez de resolver por su criterio personal, por lo que ante ellos resultare de la prueba.''

Algún tiempo después los árbitros rindieron su informe y en él hay un párrafo que dice:

"Hacemos constar que siendo las cuestiones sometidas a nuestra consideración, propias para resolverlas por nuestra experiencia agrícola, no hemos tenido necesidad de acudir a testimonios de testigos por considerarlos innecesarios.''

Los apelantes se quejan del procedimiento seguido, con razón a nuestro juicio. Los árbitros debieron constituirse para oir la prueba que las partes le ofrecieran. No consta que lo hicieron así y el error cometido es evidente.

Resolviendo, pues, el recurso interpuesto por los demandados, procede revocar la sentencia y devolver el caso para ulteriores procedimientos no inconsistentes con esta opinión.

El recurso establecido por la demandante se basa en que los frutos debieron concederse no solo mientras Bertrán estuvo en posesión de los bienes, sino cuando se posesionaron de ellos los demandados como herederos de Bertrán. Al dar sus instrucciones, la corte de distrito distinguió el período

de la posesión de Bertrán del de la de sus herederos y ordenó a los árbitros que sólo debían investigar y fijar los frutos correspondientes al primer período porque sólo en cuanto a Bertrán podía concluirse que la posesión era de mala fe.

La demandante sostiene que el criterio de la corte es erróneo. Por el contrario, estimamos que dicho criterio se ajustó a los hechos, a la ley y la jurisprudencia. Véase el caso de *Longpré* v. *Díaz,* 237 U. S. 512.

En cuanto a la apelación de los demandados contra la resolución denegatoria del nuevo juicio, bastará decir que atendida la opinión que dejamos expuesta, se hace innecesario considerarla, ya que la sentencia se revoca y el caso se devuelve para ulteriores procedimientos.

*Revocada la sentencia apelada y devuelto el
caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Aldrey firmaron conformes con la revocación de la sentencia, pero creyendo que la demanda debe ser desestimada en su totalidad.