GARCÍA, DEMANDANTE Y APELANTE, *v.* AGUAYO ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad y otros extremos.

No. 2403.—Resuelto en julio 29, 1921.

NUEVO JUICIO—DEVOLUCIÓN DEL CASO PARA NUEVO JUICIO—SENTENCIA NULA.—Cuando el Tribunal Supremo devuelve un caso a una corte inferior para la celebración de un nuevo juicio el caso queda abierto nuevamente como si no se hubiera celebrado juicio alguno, y una sentencia dictada sin celebración de tal nuevo juicio es enteramente nula.

PRUEBA—SUFICIENCIA DE LA PRUEBA NO CONSIDERADA—NUEVO JUICIO—DISCRECIÓN.—No habiendo entrado la corte inferior en la suficiencia de la prueba por fundarse su sentencia en la defensa de cosa juzgada, declarada insostenible esta defensa por el Tribunal Supremo, puede éste, discrecionalmente, devolver el caso para un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Muñoz Morales.*

Abogados de los apelados: *Sres. J. Tous Soto* y *D. Monserrat, Jr.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En cierta fecha anterior al año 1899, Juan García y Villarraza llegó a la ciudad de Ponce procedente de Cuba con dos niños a quienes presentó como sus hijos legítimos debido a su matrimonio con Manuela Fernández. Se sabía entonces que él era viudo por haber fallecido dicha Manuela Fernández. También fué un hecho indubitado, sin embargo, que uno de estos niños, un hijo, nació mientras Juan García tenía

su primera esposa viva de modo que dicho hijo no era legí-
timo. Sea esto como fuere Juan García Villarraza casó con
Josefa Aguayo en Ponce y en la partida de matrimonio él
se describió como viudo de Manuela Fernández. Los dos ni-
ños eran tenidos, según hemos dicho, como hijos legítimos
suyos y así fueron considerados por todo el mundo hasta el
fallecimiento de don Juan García ocurrido en 27 de abril
de 1899. Posteriormente Josefa Aguayo tuvo informes que
le hicieron sospechar o creer que estos dos niños no eran
los hijos legítimos de dicho Juan García y al efecto con su
hija radicó una demanda para que ella y su hija legítima
fueran declaradas las únicas herederas de Juan García con-
virtiendo a los hijos mencionados en primer término a los
cuales hemos hecho referencia, en demandados en ese pleito.
Sus supuestos nombres eran Rodolfo Manuel Abraham Gar-
cía y Fernández y Elvira Juana Manuela Joaquín García y
Fernández. La Corte de Distrito de Ponce, donde el pleito
fué establecido, resolvió a favor de la legitimidad de Elvira
García. Esta sentencia fué apelada a la Corte Suprema de
Puerto Rico y revocada, expresándose lo siguiente en la
opinión:

"Por las razones expuestas entendemos que el juez cometió error
en el juicio al rechazar pruebas que debió admitir y que la prueba
practicada es insuficiente para justificar la sentencia dictada, proce-
diendo en su consecuencia la revocación de la orden que denegó la
celebración de nuevo juicio y consiguientemente la revocación de di-
cha sentencia con las costas del juicio y del recurso a cargo de la parte
demandada y apelada." *Aguayo et al.* v. *García,* 11 D. P. R. 274.

La sentencia de esta corte devolvía el caso para un nuevo
juicio o ulteriores procedimientos no incompatibles con la
opinión.

Después de haber sido devuelto el caso a Ponce nada se
hizo inmediatamente pero poco después los demandantes com-
parecieron ante la corte y manifestaron haber renunciado
todo derecho a un nuevo juicio y solicitaron que la corte dic-

tara sentencia a su favor. A esta solicitud o moción se opuso Elvira García pero la corte, sin embargo, la consideró y en 25 de abril dictó la siguiente sentencia:

"En el estado actual del expediente parece a la corte difícil establecer los derechos afirmativos de la demandada si verdaderamente tiene derechos en la herencia de su reputado padre. La corte dicta sentencia declarando con lugar la demanda con costas a la demandada, pero reservando a ésta el derecho a recurrir ante cualquier corte competente en calidad de demandante para establecer sus derechos, si algunos tuviere."

Subsiguientemente, o en noviembre de 1918, Elvira García radicó la presente demanda que se titula "Nulidad y otros Extremos," pero que tiene por objeto probar el matrimonio de sus padres y sus derechos a la herencia de Juan García y Villarraza.

Entre otras cosas la demandada alegó la defensa de cosa juzgada y después de un juicio en el cual ambas partes presentaron prueba la corte dictó sentencia a favor de los demandados por el único fundamento de cosa juzgada.

Gran parte del razonamiento en apelación se dirigía a la cuestión de si la reserva de derecho a Elvira García impedía que la sentencia se convirtiera en cosa juzgada. No hemos tratado de estudiar las autoridades en este particular con gran cuidado, o si esta reserva era o no nula. Pero creemos que lo fué la sentencia. El efecto de la sentencia de este tribunal era devolver el caso para un nuevo juicio en el cual ambas partes fueran oídas. Era una completa apertura del caso y dejaba la anterior sentencia a favor de los demandados como si ninguna hubiera sido dictada. Siendo la sentencia en la corte inferior a favor de los demandados este tribunal al revocarla no dictó sentencia a favor del demandante y no hizo ninguna insinuación semejante en su opinión o sentencia de modo que cuando el caso volvió a la Corte de Distrito de Ponce su condición era igual a si no se hubiera celebrado ningún juicio en tanto se trataba de la

facultad de la corte para dictar sentencia. Por tanto, para dictar de tal modo una sentencia era necesariamente indispensable un juicio. Naturalmente los demandantes en el anterior pleito hubieran deseado obtener una sentencia sin un juicio pero el peso recaía en ellos todavía para presentar un caso y dar a la demandada Elvira García otra oportunidad de defenderse. Esta oportunidad de defenderse nunca se dió. Ella meramente fué oída sobre una moción para que se dictara sentencia después de haber renunciado los demandantes a nombre propio su derecho a un nuevo juicio. Habiéndose dictado la sentencia sin darse a la demandada Elvira García la oportunidad de ser oída ante la corte y presentar su caso, era enteramente nula.

El apelado en este tribunal empieza el alegato tratando de demostrar que Elvira García, la demandante, jamás presentó debidamente un caso y particularmente nunca probó el matrimonio de sus padres. En el juicio la demandante Elvira García ofreció un documento tendente a probar el matrimonio de sus padres. Este documento fué objetado. La corte, sin embargo, admitió el escrito como un documento auténtico ''para darle desde luego el valor y efecto que tuviera como evidencia.'' Esta era una partida de matrimonio la cual es como sigue:

''República de Cuba.—Presbítero Luciano García y González, Cura interino de la Parroquia de Ascenso de San José de Guira de Melena, Provincia y Diócesis de la Habana.—Certifico: Que en el libro primero supletorio de matrimonios al folio 136 y 137, se encuentra la partida siguiente, al margen, 'Número 113. D. Juan García Villarraza con Da. Manuela Fernández y Rodríguez.—Viudo y soltera, blancos.' Al frente, 'el día 29 de noviembre de 1883, el Presbítero D. Rafael Asunción Toymil y Zapela, Cura entonces de esta iglesia de San José de Guira de Melena, Provincia y Diócesis de la Habana; publicadas en esta iglesia las tres canónicas proclamas que dispone el santo Concilio de Trento, de cuya lectura, transcurrida veinte y cuatro horas después de la última, no resultó impedimento canónico ni civil, cerciorado de que los contrayentes no necesitaban el consentimiento paterno; examinados de doctrina cristiana, llenos todos los

demás requisitos, asistió al matrimonio que por palabras de presentes y como lo manda la santa madre iglesia, contrajeron don Juan García y Villarraza, natural de Málaga, España, de 31 años de edad, hijo legítimo de don Antonio García, natural de la Rambla y doña María Villarraza, natural de Zaragosa, de estado viudo de doña Carmen Beltrán, y de profesión Cirujano-Dentista; y doña Manuela Fernández Perdigón, soltera, natural de la Habana y vecina de esta feligresía, de 24 años de edad, de profesión su casa, hija legítima de don Manuel Fernández Loreze, natural de Asturias, España, y de doña Dominga Perdigón, natural de la Habana. Fueron padrinos don Manuel Fernández Loreze y doña Juana Fernández Perdigón y testigos don Antonio Toymil, natural de Regla, Habana, profesor de instrucción pública y don Esteban Hernández, propietario natural y vecinos de esta, casados. Y en cumplimiento del decreto de Exmo. Sr. Obispo Diocesano de fecha 23 de junio de 1896, por haberse quemado el archivo de esta iglesia el día 5 de enero de este año 96, yo Presbítero Luciano García y González, Cura Párroco interino de la misma, lo firmo a 2 de octubre de 1918. Luciano García Pbro., rúbrica.' Conforme a su original. Guira de Melena a 3 de octubre de 1918.—(Firmado) Luciano García, Pbro.—Presbítero Alberto Méndez y Núñez, Prelado doméstico de su santidad, doctor en la facultad de sagrada teología, dignidad de Arcediano de la S. I. catedral, Secretario de Cámara y Gobierno del Obispado de la Habana.—Certifico: Que la firma y rúbrica que anteceden son al parecer iguales a las que usa en sus escritos el señor Pbro. Luciano García, Cura Párroco interino de la iglesia de Guira de Melena en esta Provincia..—Y para que conste firmo la presente en la Habana a 4 de octubre de 1918 años.—(Firmado) Doctor Alberto Méndez.—Arcediano Secretario.

"*Consulate General of the United States of America at Habana, Republic of Cuba.—I, The undersigned, Joseph A. Springer, Vice-Consul of the United States of America at Habana, Republic of Cuba; Do hereby certify, that the signature to the foregoing and annexed document, to which is also affixed the seal of the secretary's office of the Bishopric of Habana is known to me to be the true and genuine signature of Rev. Doctor Alberto Méndez, Arch-Deacon of the cathedral, Secretary of Chambert and Government of the Bishopric of Habana, who certifies to the signature to the certificate of Parish Priest of Guira de Melena and as such, to all his official acts fulls faith and credit are due and giving as well in court as thereout.—In testimony whereof, I have hereunto set my hand and affixed the seal of this Consulate General at Habana, Republic of Cuba, this fourth*

*day of October, 1918.—(Sgd.) Joseph A. Springer, Consul of United States of America at Habana, Republic of Cuba.—Fee No. 6199 canceled."* .

Si este documento fué prueba pertinente del matrimonio de los padres de Elvira García es una cuestión sobre la cual esta corte no tiene una opinión definitiva. El documento fué admitido como prueba por la corte por el valor que tuviera, pero como hemos visto al llegar el momento de la sentencia la corte no resolvió sobre el efecto de este documento sino que dicha sentencia fué dictada exclusivamente sobre la defensa de cosa juzgada. Tal vez en esta apelación como el peso de la prueba recaía en la demandante para establecer un caso tenemos derecho a revisar la pertinencia de este documento para probar el matrimonio de los padres de la demandante o en otras palabras para decir si hubo alguna prueba en los autos que demuestre el matrimonio de los padres de la demandante. Pero como era una cuestión que nunca resolvió la corte inferior preferimos ejercitar nuestra discreción devolviendo el caso para la celebración de un nuevo juicio en el cual las partes puedan ser ampliamente oídas sobre la cuestión de si Elvira García es o no hija legítima de Juan García Villarraza.

En el primer juicio la sentencia fué dictada a favor de Elvira García. Esta sentencia se revocó y no se dió a la demandada Elvira García otra oportunidad al llegar el caso a Ponce para probar su referida legitimidad. En el segundo verdadero juicio que trajo como consecuencia la sentencia contra la cual se ha interpuesto esta apelación la cuestión del matrimonio *vel non* de Juan García y Manuela Fernández nunca fué resuelta por la corte inferior. Este fué un caso en que una joven era considerada por todo el mundo por un número de años como la hija legítima de Juan García y así tenida por su propia madrastra hasta la fecha del fallecimiento de dicho Juan García. Aunque alguna de la prueba ofrecida de la legitimidad tal vez no podía ofrecerse de nin-

gún modo, no estamos convencidos de que el documento ofrecido como prueba, el cual hemos transcrito, no sea *prima facie* un documento válido tendente a probar el matrimonio, procediendo como procede de fuente adecuada en Cuba, esto es, del registro parroquial. Es cierto que aparece de la faz del documento que era un documento reconstruído por haber desaparecido el original y los argumentos de los apelados en cuanto a su incompetencia para establecer el matrimonio no carecen de fuerza.

Estamos convencidos, sin embargo, de que esta demandante debe tener otro juicio amplio en el cual la corte inferior después de oir a las partes podrá considerar completamente la cuestión, no sólo de la validez de la partida de matrimonio, sino también bajo las circunstancias especiales y peculiares de este caso, dar a la demandante, de ser posible, la oportunidad de probar el matrimonio de sus padres, *aliunde*. No estamos tan seguros de que no exista otra prueba de crédito o semejante que pueda tender a aclarar la alegada partida de matrimonio si en realidad es defectuosa. No pretendemos limitar a las partes o a la corte en manera alguna en la discusión de la pertinencia de la susodicha partida, pero como ésta no es una mera cuestión de propiedad sino de probar una hija su legitimidad reconocida hasta la muerte de su padre, creemos que toda la facultad discrecional de la corte debe ejercitarse para darle una amplia oportunidad de ser oída sobre ese punto y sus consecuencias.

La sentencia apelada debe ser revocada y devolverse el caso para la celebración de un nuevo juicio.

> *Revocada la sentencia y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.