JOSEFA AGUAYO Y CASALS y MARÍA GRACIELA GARCÍA Y AGUAYO, demandantes y apeladas, *v.* RODOLFO Y ELVIRA, apellidados GARCÍA Y FERNÁNDEZ, demandados y apelantes.

No. 3562.—*Visto:* Abril 23, 1925. *Resuelto:* Julio 20, 1925.

1. JUICIO—"DOCKETS", LISTAS Y CALENDARIOS—SEÑALAMIENTOS—CASOS FALLADOS O EN QUE LA SENTENCIA SE HA ANULADO.—Si bien una corte no puede señalar día para la celebración de juicio en un pleito ya fallado, puede hacerlo cuando la sentencia dictada no existe por haber sido anulada.
2. SENTENCIAS—SENTENCIA DEJADA SIN EFECTO O ANULADA—ANULACIÓN A INSTANCIA DE LA PARTE A CUYO FAVOR SE DICTÓ.—El que una parte renunciara a la celebración de un nuevo juicio que se le concedió y pidiera y obtuviera sentencia a su favor no es obstáculo para que, 17 años después, una corte, a solicitud de dicha parte, anule dicha sentencia, máxime cuando con anterioridad a dicha solicitud, el Supremo declaró nula dicha sentencia en otro pleito entre las primitivas partes.

RESOLUCIÓN de *R. Díaz Cintrón,* J. (Ponce), anulando una sentencia y dejando subsistente el señalamiento hecho para juicio. *Confirmada.*

*E. Ramos Antonini,* abogado de los apelantes; *José Tous Soto,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Doña Josefa Aguayo Casals por sí y por su hija menor María Graciela García Aguayo demandó en 1904 a los hermanos don Rodolfo y doña Elvira que dijo se apellidaba García Fernández, alegando que los demandantes son los únicos herederos de don Juan García Villarraza como esposa e hija legítima respectivamente y que los demandados no son hijos legítimos del Sr. Villarraza, aunque dicen serlo por lo que pidieron se declarase que las demandantes son las únicas herederas de Villarraza.

Los demandados contestaron la demanda y en 25 de no-

viembre de 1905 recayó sentencia favorable a la demandada doña Elvira García, y habiendo solicitado las demandantes que se les concediera un nuevo juicio les fué negado pero este Tribunal Supremo resolviendo la apelación interpuesta contra esa negativa de nuevo juicio y contra la sentencia revocó ambas decisiones en 30 de junio de 1906 (11 D.P.R. 274) y dispuso que se comunicara la sentencia a la corte inferior para la celebración de un nuevo juicio o para otros fines que procedieran en derecho.

Dos años después, el 25 de abril de 1908, las demandantes solicitaron de la corte inferior que las tuviera por desistidas de la celebración del nuevo juicio y que haciendo uso de la facultad que le confería la sentencia mencionada de este Tribunal Supremo fallase el pleito a favor de las demandantes y en contra de los demandados, y el mismo día fué dictada sentencia declarando con lugar la demanda.

Diez y siete años después de esas actuaciones las demandantes obtuvieron que el pleito fuese incluido en el calendario de asuntos civiles siendo señalado el 30 de enero último para la celebración del juicio, y presentaron moción a la corte inferior para que dejase sin efecto la sentencia de 25 de abril de 1908 fundándose en que por interpretación errónea del fallo del Tribunal Supremo fué dictada sin celebración del nuevo juicio y en que en el pleito entre las mismas partes fué declarada nula esa sentencia por este Tribunal Supremo (29 D.P.R. 1022). La demandada doña Elvira García se opuso al señalamiento de día para juicio y a que se anulase la sentencia pero la corte inferior rechazó ambas pretensiones pues anuló la sentencia de 25 de abril de 1908 y dejó subsistente el señalamiento hecho para juicio por lo que doña Elvira García interpuso este recurso de apelación.

En vista de que hemos de confirmar la resolución apelada podemos prescindir de considerar los dos motivos alegados por la parte apelada para que desestimemos la apelación.

[1] Admitimos con la apelante que hubiera sido error de la corte inferior señalar día para la celebración de juicio

en un pleito que ya estaba fallado desde 1908 pero ese error desaparece cuando resulta que la sentencia no existe por haber sido anulada, por lo que la verdadera cuestión es si la corte inferior procedió o nó correctamente al anular y dejar sin efecto la sentencia.

[2] Aunque la parte apelada renunció a la celebración del nuevo juicio que le fué concedido y pidió y obtuvo que fuese dictada sentencia a su favor en 1908, esto no era obstáculo en este caso para que la corte inferior a instancia de esa parte anulara dicha sentencia porque en el pleito en que la demandante era doña Elvira García y las demandadas doña Josefa y su hija por lo que la demandante trataba de probar el matrimonio de sus padres y sus derechos a la herencia de Juan García Villarraza este Tribunal Supremo declaró (29 D.P.R. 1022) que dicha sentencia era nula por haberse dictado sin la celebración de un nuevo juicio, y como esa declaración consta en los tomos de nuestras decisiones estuvo justificada la corte inferior al dictar la resolución apelada anulando dicha sentencia *y por tanto debe ser confirmada en todas sus partes.*