PEDRO GANDÍA CÓRDOVA, demandante y apelante, *v.* THE PORTO RICO FERTILIZER Co., demandado y apelado.

No. 4226.—*Visto:* Marzo 13, 1928. *Resuelto:* Julio 24, 1928.

*Juan B. Soto,* abogado del apelante; *F. Ochoteco Jr.* y *H. Brown,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante y apelante en este caso solicitó de la corte que nombrara un árbitro para determinar la cantidad de dividendos que el demandante debía recibir de acuerdo con una sentencia anterior de la corte. Al principio el demandado se opuso, pero finalmente accedió. Se nombró un árbitro, quien, después de la correspondiente orden de la corte, radicó un informe. Al recibir el informe, la Corte de Distrito de San Juan dictó sentencia a favor del demandante. Se radicó una moción para dejar sin efecto la sentencia, que fué concedida, y se ha apelado de la resolución en ese sentido.

En su primer señalamiento de error el apelante insiste en que la ley y la práctica en Puerto Rico en un caso como el presente exigen una moción de nuevo juicio, y no una moción para dejar sin efecto una sentencia. Como resolvemos que no era necesario presentar una moción de nuevo juicio, no consideraremos la cuestión de si la moción radicada equivalía a una moción de nuevo juicio, o si el proponente

cumplió con el procedimiento de costumbre o necesario cuando se trata de una moción, de nuevo juicio.

El apelante dice que ésta fué una sentencia dictada por virtud del informe de un árbitro, y que tal cuestión de hechos requiere una moción de nuevo juicio, con arreglo al artículo 220 del Código de Enjuiciamiento Civil. Si la moción para dejar sin efecto la sentencia hubiese de por sí tratado de examinar solamente los hechos considerados por el árbitro, podría haber algún peso en la situación del apelante. Sin embargo, la moción se hizo principalmente con el designio de anular el registro de una sentencia prematura, por no decir ilegal, practicado después que el árbitro había rendido su informe. Según la definición contenida en el artículo 220, no procede un nuevo juicio cuando la corte ha dictado una sentencia ilegal o errónea. Un caso sencillo aclarará la idea. La corte, después de un juicio, concede a las partes un término para radicar alegatos, y antes de expirar el mismo, debido a un error, dicta sentencia. Aunque al fin y al cabo hay hechos envueltos, una moción de nuevo juicio es impropia. Uno hasta puede decir que en uno u otro caso la moción para dejar sin efecto la sentencia se basa no en una apreciación errónea de los hechos, sino en que no había llegado el momento de dictar sentencia. No está necesariamente envuelta cuestión de hecho alguna.

No hay duda de que una moción para dejar sin efecto la sentencia hubiera sido adecuada si tal sentencia se hubiera dictado prematura o ilegalmente. Estamos tan convencidos de que esto es así que nos conformaremos con las citas tomadas del alegato del apelado. Según 15 R.C.L. 604, la sentencia debe estar de acuerdo con las alegaciones y la prueba. 34 C. J. 253–255. "Freeman on Judgments," sección 194, expone la proposición familiar de que el dominio de las cortes sobre sus sentencias es inherente, que puede ejercerse sin autoridad especial, y que los estatutos que regulan o limitan las mociones de nuevo juicio no son aplicables. En una u otra forma, este Tribunal ha dicho lo mismo. *Aguayo* v.

*García,* 34 D.P.R. 516; *Goldsmith* v. *Villari,* 27 D.P.R. 794; *Marvin & Jones* v. *Torres et al.,* 19 D.P.R. 48; *González* v. *Santini & Co.,* 26 D.P.R. 553.

Si de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil la corte puede dejar sin efecto una sentencia para corregir un error u omisión de una parte, sería absurdo suponer que no tenía un poder directo similar sobre sus propios errores u omisiones.

■ Bajo el segundo señalamiento, las partes discuten las razones por las cuales la corte cometió equivocación, si alguna hubo. De haberse equivocado, los motivos carecen de importancia. La corte creyó que estaba actuando de conformidad con el artículo 210 del Código de Enjuiciamiento Civil, que dispone:

"La decisión arbitral sobre toda la controversia deberá prevalecer como decisión de la corte, y presentada que fuere al secretario de la misma, se procederá a dictar la sentencia de igual modo que si el pleito hubiere sido juzgado por la corte."

Sin embargo, el artículo 211 expresa que:

"Las decisiones arbitrales pueden ser objeto de excepciones y de revisión, de igual modo que las hubiese pronunciado la corte. Cuando el arbitraje fuere para resolver acerca de los hechos, la decisión presentada surtirá el mismo efecto que un veredicto especial."

Considerados conjuntamente, estos dos artículos demuestran que, por lo general, debe dársele a una parte la oportunidad de tomar excepción contra las conclusiones de un árbitro. Tal oportunidad no se dió en este caso.

La corte no se equivocó al decir que el árbitro en este caso hizo su informe sin dar a las partes la ocasión de intervenir. El mero hecho de que el árbitro llamó ciertos testigos a la oficina del demandado o practicó sus investigaciones allí, o cuestiones similares, no equivale a una notificación y vista. Tal vez en ciertos casos no es necesario que el árbitro notifique a las partes y celebre una vista, pero de todos modos no se hizo en este caso. La cita de casos en que los abogados

688

están impedidos de negar que tenían conocimiento del hecho de que se iban a tomar declaraciones, no puede afectar un caso en que no se demuestre que el árbitro en ocasión alguna tuvo la intención de celebrar tal vista. Véase el caso de *Carrasquillo* v. *Bertrán*, 29 D.P.R. 961.

El apelante insiste en que en todo caso, debió dejarse que el informe quedara en pie por el valor que pudiera tener. Hemos examinado el informe y hallamos que el árbitro no sólo entró a considerar los dividendos ya declarados, sino también los que pudieron o debieron haberse declarado. El dejar sin efecto el informe, después de abierto el caso, caía dentro de la sana discreción de la corte inferior, una vez que se convenciera de que el informe o se basó en una premisa falsa o no merecía confianza.

Como el informe fué anulado, no creemos necesario investigar hasta qué extremo se excedió de las cuestiones en controversia. La corte queda en libertad de tomar las medidas necesarias para determinar la verdad de dichas controversias, *la resolución apelada debe ser confirmada* y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.