Elvira Juana Manuela Joaquina García Fernández, demandante y apelada, *v.* Josefa Aguayo Casals, et al., demandados y apelantes.

No. 5863.—*Sometido:* Febrero 8, 1933. *Resuelto:* Diciembre 1, 1933.

*Tous Soto & Zapater,* abogados de las apelantes; *Guerra Mondragón & Soldevila,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Ha transcurrido algo más de una década desde que este

tribunal dijo en el caso de *García et al.* v. *Aguayo et al.,* 32 D.P.R. 422:

"Desde hace cerca de veinte años la demandante en este pleito está luchando porque se le reconozcan sus derechos como hija legítima de don Juan García Villarraza y de su esposa doña Manuela Fernández y Rodríguez. Aguayo et al v. García, 11 D.P.R. 274; García v. Aguayo et al., 29 D.P.R. 1022."

En enero de 1926 la corte de distrito declaró a Elvira Juana Manuela Joaquina García Fernández hija legítima de Juan García Villarraza y Manuela Fernández, y como tal, con derecho a heredar a su padre. Además dejó sin efecto una declaratoria de herederos anterior a favor de las aquí demandadas, ordenó la cancelación de ciertos asientos en el registro de la propiedad, y dispuso que los bienes dejados por el finado Villarraza fueran nuevamente distribuídos. La sentencia también dispuso que el importe de los frutos y rentas fuese traído a la masa común e incluído en la nueva partición después de una vista y de la determinación de su cuantía. Al confirmar esta sentencia en *García* v. *Aguayo,* 39 D.P.R. 91, copiamos de la opinión del juez de distrito lo que sigue:

" 'En cuanto a los frutos que se reclaman, no tenemos una base segura para poder determinar el importe y cuantía de los mismos, tanto porque ellos dependen de la cuota hereditaria que pueda asignársele a la demandante en la partición, cuanto porque de la prueba practicada en este juicio no tenemos una base segura para poder determinar el importe total de tales frutos o rentas. La demandante alega que la casa citada en la demanda ha producido unas veces de 75 a 100 pesos y actualmente 200 y pico de pesos. La demandada nos ha presentado una cuenta creditiva de los ingresos y egresos de la administración de dicha finca, cuenta que no ha sido aceptada por la demadante en su fondo, y si bien se ha ofrecido por la representación de las demandadas el traer los recibos y comprobantes de dicha cuenta y testigos para sostener la misma, esa prueba no ha venido ante nosotros, y de ahí que no podemos llegar a una conclusión final en el asunto, y creemos procedente en bien de la justicia que se haga una liquidación completa de dichos frutos para determinar la cuantía de los mismos, adjudicándose a la de-

mandante la parte que de ellos pueda corresponderle de acuerdo con su participación hereditaria. Cuya liquidación deberá llevarse a cabo dentro de los 15 días de ser firme esta sentencia, en cuyo acto deberán presentarse por la demandada los correspondientes comprobantes y prueba pertinente, al objeto de determinar con la mayor certeza el importe total de tales frutos. (Véase el caso de *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 D.P.R. 536).' "

Después que los árbitros nombrados por la corte hubieron rebajado del ingreso bruto ciertas partidas por contribuciones, reparaciones y conservación de la propiedad, e informado el resultado total neto como base para una división de las rentas y frutos, las demandadas solicitaron que se rectificase la cuenta rendida previamente por ellas, eliminando de la misma la mitad de los ingresos recibidos desde septiembre 12, 1908, a mayo 10, 1911. Las demandadas alegaron por primera vez en esta moción que la mitad de las rentas y frutos recibidos durante este período había sido pagada a un tal Roque Suárez como dueño, según el registro, de un condominio pro indiviso de la mitad de la propiedad. Esta moción fué acompañada por una propuesta nueva cuenta de las rentas y frutos recibidos y de los gastos hechos durante el período de que se trata. La corte de distrito, al aprobar el informe de los árbitros, resolvió que la cuestión relativa a estas rebajas y a ciertas otras materias no podía propiamente determinarse en un procedimiento incidental a la ejecución de la sentencia ya dictada. Las demandadas apelan de esta orden y alegan que la corte de distrito erró al no rebajar las rentas recibidas por Roque Suárez.

La demandante alegó en su demanda que los demandados habían recibido las rentas y frutos, sin darle participación a la actora, todo ello de mala fe, desde la fecha del fallecimiento de Villarraza. Se solicitó una nueva partición, una vez traídos a colación las rentas y frutos producidos por la propiedad. Las demandadas contestaron que doña Josefa había recibido las rentas y frutos por sí y como representante de su hija Graciela, de buena fe y fundándose en la declara-

toria de herederos y en la sentencia de la corte de distrito. El fallo de la corte de distrito, seguido por el de este tribunal (39 D.P.R., supra) y por el de la Corte de Circuito de Apelaciones—40 Fed. (2d) 831—fué adverso a las demandadas en lo referente a la cuestión de buena fe, y cerró las puertas a una ulterior meditación respecto a si el total o sólo parte de las rentas y frutos debe traerse a colación. Una determinación inferior al importe de todas las rentas y frutos (luego de rebajar los gastos útiles y necesarios, tales como por concepto de contribuciones, reparaciones y otras materias relacionadas con la conservación de la propiedad) hubiera montado a una modificación de la sentencia ya dictada. Las únicas cuestiones que quedaron abiertas a una investigación futura fueron las relacionadas con el cumplimiento de la sentencia y las preliminares de rigor para una partición material de todas las rentas y frutos o de su importe neto. El dinero pagado a Roque Suárez no era una partida deducible del total de las rentas y frutos recibidos al fijar la cantidad neta sujeta a distribución. La teoría de las apelantes es que Roque Suárez era un comprador inocente con derecho a una parte de las rentas y frutos durante el tiempo que poseyó su condominio, y que las rentas correspondientes a esa parte pro indivisa no había que llevarlas a colación. Esta cuestión debió plantearse por las alegaciones y la evidencia antes de que se dictara el fallo disponiendo que todas las rentas y frutos, o su importe neto, a ser posteriormente determinados, fuesen traídos a colación. Véase *Jiménez* v. *Cartagena,* 18 D.P.R. 540. Aunque así no fuera, ni asumiendo, sin resolverlo, que Roque Suárez (por lo que respecta a su nexo con las demandadas) tenía derecho a una parte de las rentas y frutos mientras retuvo su alegado condominio, no estamos inclinados a convenir con las apelantes en que cualquier pago que a él se le hiciera por doña Josefa con cargo a las rentas y frutos recibidos por ella, no la relevaría de toda responsabilidad para con la demandante por las rentas y frutos así

recibidos y desembolsados. Véase *Román Benítez* v. *Rivera,* 43 D.P.R. 535, 548.

■ La siguiente cuestión suscitada por las apelantes presenta una situación diferente. En su cuenta original de ingresos y egresos, doña Josefa Aguayo especificó como gastos correspondientes a la demandante un número de partidas mensuales para la manutención de la actora, desde mayo de 1899 a junio 30 de 1902, y por concepto de pagos mensuales hechos a la demandante desde julio de 1902 hasta junio de 1904, ascendente todo a $1,165.04. La demandante admitió haber recibido esta cantidad proveniente de las rentas y frutos. En un detalle revisado que se presentó en evidencia ante los árbitros, ese total fué consignado como deuda de la demandante, y se agregó una partida de $65 por arrendamiento de una casa que, según se alegó, ocupó la demandante durante abril de 1925. La cuestión de si debía concederse esa reclamación fué excluída por la corte de distrito de la consideración de los árbitros, reservándose la corte el derecho a determinarla. Al aprobar el informe de los árbitros, el juez de distrito dijo que la reclamación de doña Josefa contra la demandante debía establecerse al tiempo de la partición material o por medio de una acción independiente. A nuestro juicio, esto fué un error. Puede admitirse que cabría plantear y resolver la cuestión cuando se efectúe la partición material. Ese no es motivo suficiente para no haberla resuelto al aprobar el laudo de los árbitros. El criterio sostenido por el juez de distrito pasa por alto la íntima relación que existe entre las cuestiones ya determinadas por los árbitros y la proyectada partición misma. Al aprobar el informe, la corte no estaba sentando una base para la partición, sino que ya estaba anticipando cuestiones que usual y normalmente se resuelven al tiempo de la partición verdad. El artículo 1016 del Código Civil (Edición de 1930) dispone que: "Los coherederos deben abonarse recíprocamente en la partición las rentas y frutos que cada uno haya percibido de los bienes hereditarios", así como "las impensas útiles y

necesarias hechas en los mismos. . ." La corte ya había determinado, anticipándose a la partición, la compensación que debía hacerse por las impensas útiles y necesarias en que incurrió doña Josefa y pagadas por ella de las rentas y frutos. Si estuvo justificada al hacer esto, no hay razón alguna por la cual no debiera haber determinado, también anticipándose a la partición, las cantidades exactas de rentas y frutos ya recibidos por la demandante, que podían, por consiguiente, cargarse a su cuenta como anticipos, a fin de que se tuvieran en consideración al partirse los bienes. Ni el artículo 1016, ni ningún otro principio o precepto de ley, prohibe una previa determinación judicial de una u otra cuestión. No hay mayor motivo en un caso que en el otro para que una corte posponga su conclusión de hecho o de derecho hasta tanto se efectúe la partición material. Tampoco se ha sugerido un motivo satisfactorio por el cual la demandada Aguayo deba ser relegada a un pleito independiente. Su reclamación no había prescrito, porque el momento adecuado para hacer el requerimiento era, u ordinariamente hubiera sido, al efectuarse la partición. No era prematura, bajo las circunstancias del presente caso, por razones que ya se han expresado. La determinación de la cuantía de las rentas y frutos recibidos por la demandante, no habría envuelto la modificación de la sentencia previamente dictada. Hubiera estado en completa consonancia con la súplica de la demandante y con la disposición contenida en la sentencia de que todas las rentas y frutos fueran traídos a colación. Puede ser que una enmienda oportuna de la contestación fuese un procedimiento más adecuado, pero en vista de los hechos anteriormente reseñados, debe considerarse que la contestación ha sido enmendada. Debe ponerse fin a esta controversia, si es posible, antes de que la pequeña herencia— una casa en Ponce que sólo vale unos cuantos miles de dólares, y las rentas provenientes de ella—haya sido consumida por el costo de los litigios.

■ El cuarto señalamiento es que la corte de distrito erró

al negarse a considerar la reclamación que hizo la demandada Aguayo por concepto de compensaciones como administradora del inmueble de que se trata y al no fijar esa compensación en el 10 por ciento de las rentas cobradas por ella.

En apoyo de esta contención, las apelantes citan los artículos 992, 405, 1310 y 1486 del Código Civil (Estatutos Revisados de 1911) y 31 y 53 de la Ley de Procedimientos Legales Especiales. "Hasta que resulten pagados todos los acreedores conocidos y los legatarios," de conformidad con el artículo 992, se entenderá que se halla la herencia en administración. Este artículo se refiere a herencias aceptadas a beneficio de inventario. (7 Manresa, Comentarios al Código Civil, segunda edición, pág. 473). El artículo 405 se refiere a bienes poseídos en común, y dice que "para la administración y mejor disfrute de la cosa común serán obligatorios (para todos) los acuerdos de la mayoría de los partícipes." No es necesario transcribir el resto de ese artículo. El artículo 1310 fija la participación de los respectivos cónyuges en las ganancias o beneficios existentes al disolverse el matrimonio. El artículo 1486 autoriza una acción para el cobro del valor razonable de los servicios profesionales. El artículo 31 de la Ley de Procedimientos Legales Especiales autoriza el nombramiento del cónyuge supérstite, o de ciertas otras personas en la forma allí prescrita, como administrador judicial. El artículo 54 fija la compensación de los albaceas y administradores en ausencia de disposición testamentaria al efecto.

La argumentación de las apelantes asume, sin tratar de demostrarlo: primero, que doña Josefa Aguayo estaba administrando la propiedad de que se trata como la herencia de su finado esposo; segundo, que había acreedores o legatarios, o ambos; y, tercero, que a tales acreedores o legatarios no se les había pagado. Por otra parte, la alegación contenida en la contestación en el sentido de que doña Josefa había recibido las rentas por sí y como representante de su hija, claramente implicaba que ella trataba la propiedad, no como

la herencia del finado, sino como un bien perteneciente exclusivamente a ella y a su hija. Por idénticas o similares razones, la sugestión alternativa de que ella estaba encargada del inmueble al amparo de alguna autoridad conferídale por "los acuerdos de la mayoría de los partícipes para la administración y mejor disfrute de la cosa común," carece asimismo de fundamento.

A tenor del artículo 384, un poseedor de mala fe "sólo tendrá derecho a ser reintegrado de los gastos necesarios hechos para la conservación de la cosa." El artículo 290, sin embargo, exige que "el que percibe los frutos tiene la obligación de abonar los gastos hechos por un tercero para su producción, recolección y conservación." Estos dos artículos fueron interpretados conjuntamente en *Román Benítez* v. *Rivera*, supra. Como hemos visto, el artículo 1016 concede compensación por las impensas útiles y necesarias que haya acarreado la conservación de la propiedad que ha de ser distribuída entre los coherederos. En ninguno de estos artículos se hace mención de la comisión que deba pagarse a un poseedor de mala fe como administrador de los bienes que se niega a restituir a su legítimo dueño o a compartirlos con un condueño. Mas ésos son los únicos artículos de mayor aplicación a los hechos del presente caso, y en uno de ellos o en el otro, más bien que en otra parte del Código Civil, habría de esperarse encontrar alguna justificación que pudiera hallarse para la reclamación que por compensación como administradora hizo doña Josefa.

*Debe revocarse la orden apelada en lo concerniente a la negativa del juez de distrito a considerar la cuestión de la responsabilidad de la demandante por las rentas y frutos que ella recibió y a determinar la cuantía de los mismos; y en su lugar se dictará por este tribunal la sentencia correspondiente. En todos los demás respectos, la orden debe ser confirmada.*