## MARTÍNEZ *v.* DELGADO ET AL.[*]

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 653.—Resuelto en junio 17, 1911.

FACULTADES DE LOS TRIBUNALES PARA ENMENDAR SUS SENTENCIAS.—De acuerdo con el artículo 7, núm. 8, del Código de Enjuiciamiento Civil, las cortes tienen poder para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia.

ID.—TÉRMINO DENTRO DEL CUAL DEBEN EJERCITARSE.—Es regla general bien establecida que una sentencia no puede enmendarse después del término en que fué dictada, a virtud de una solicitud *ex parte.* Debida y propia notificación debe darse a la parte contraria, de la solicitud y del remedio que se pide, a fin de que dicha parte tenga una oportunidad para comparecer y mostrar causa contra la propuesta corrección.

ID.—NULIDAD DE LA ENMIENDA.—Si la enmienda se verifica fuera del término en que se dictó la sentencia y sin notificar a la parte contraria, es nula por falta de jurisdicción de la corte para acordarla.

ID.—ENMIENDA DE UNA SENTENCIA DESPUÉS DE APELADA.—Apelada una sentencia, carece el tribunal sentenciador de jurisdicción para enmendarla, a menos que el apelante abandone la apelación o realice algún acto inconsistente con la prosecución del recurso.

ACCIÓN REIVINDICATORIA—FALTA DE IDENTIFICACIÓN DE LA FINCA EN LITIGIO.—Examinada la prueba practicada, el tribunal resolvió que la demandante no ha identificado la finca que reclama como de su propiedad y en bien de la justicia, atendidas todas las circunstancias del caso, en lugar de declarar con lugar el recurso y desestimar la demanda, concedió la celebración de un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jesús M. Rossy, Fiscal.*

Abogado de la apelada: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

---

[*] Este caso fué omitido en el volumen 17 por estar pendiente de reconsideración.

Entablada la demanda en este caso por Dionisia Martínez contra Juan Delgado y El Pueblo de Puerto Rico, se siguió el juicio por todos sus trámites y se resolvió por sentencia de 30 de abril de 1910 en contra de los demandados. El 17 de mayo de 1910, el demandado, "El Pueblo de Puerto Rico," interpuso apelación contra dicha sentencia para ante este Tribunal Supremo.

Así las cosas, pendiente la apelación, a moción de la demandante se enmendó la sentencia de 30 de abril por el propio tribunal sentenciador adicionándole el siguiente pronunciamiento: "y se ordena que se entregue a la demandante los frutos percibidos por el *receiver* o el producto de los mismos en dinero, después de cubiertos los gastos de la administración."

La sentencia enmendada aparece dictada y registrada como una nueva sentencia el 18 de julio de 1910 y no consta que contra ella se interpusiera recurso de apelación.

El apelante alega que la corte de distrito actuó sin jurisdicción al enmendar la sentencia, y por el contrario la apelada sostiene que la sentencia de 18 de julio es la única en vigor en este caso y que no habiéndose interpuesto apelación contra ella debe considerarse como firme y desestimarse el recurso establecido contra la de 30 de abril.

El Código de Enjuiciamiento Civil en su artículo 7, No. 8°., dispone que toda corte tiene poder para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia.

"Todas las autoridades sostienen que una corte tiene pleno control sobre sus sentencias, órdenes y decretos durante el término en el cual fueron dictados y puede enmendarlos, corregirlos, modificarlos o adicionarlos, por causa aparente, o puede, a su discreción y en bien de la justicia, revisarlos, suspenderlos, revocarlos o anularlos." (1 Black on Judgments, p. 219.)

En el presente caso es bien claro que la corte de distrito

no adicionó la sentencia dentro del término en que fué dictada. Los términos en las cortes de distrito de esta isla, son cinco, cada uno de dos meses, y como entre el 30 de abril y el 18 de julio media más de dos meses, se concluye que no pudo ser dictada y enmendada la sentencia dentro del mismo término.

"Aquella parte de la ley común que establece que ninguna sentencia puede ser enmendada después del término en que fué dictada, puede apenas decirse que sobrevive, en este país, en toda su inflexibilidad original." (1 Black on Judgments, p. 220.)

"Una sentencia una vez registrada, debe ser corregida, si es irregular o errónea, por algún procedimiento apropiado a tal propósito; ella no puede ser meramente desatendida y la propia sentencia registrada de nuevo. Durante el término en el cual se dictó la sentencia, la corrección puede hacerse por una orden de la corte basada en la mera sugestión del error. Pero después que el término ha expirado, de acuerdo con la práctica en muchos de los Estados, la enmienda sólo puede hacerse a virtud de la presentación de una petición formal y moción, estableciendo el error y la alteración que se solicita, y después de la notificación a la parte contraria para que comparezca y muestre las razones por las cuales no debería hacerse la corrección  *  *  *."

"La regla general, bien establecida, es la de que una sentencia no puede enmendarse, después del término en el cual fué dictada, a virtud de una solicitud *ex parte*. Debida y propia notificación debe darse a la parte contraria, de la solicitud y del remedio que se pide, para que dicha parte tenga una oportunidad para comparecer y mostrar causa contra la propuesta corrección."

1 Black on Judgments, páginas 239, 240.

Examinado el récord en este caso, no consta que los procedimientos sobre enmienda, que tuvieron lugar después del término en que se dictó la sentencia, se tramitaran con la intervención de la parte contraria, o sea del apelante, y en tal

virtud es necesario concluir que no aparece clara la jurisdic-
ción de la corte de distrito.   Del hecho de haber el apelante
incluído en la transcripción la sentencia enmendada, se deduce
que tenía conocimiento de su existencia, pero no que la acep-
tara como válida.

Además, la enmienda aparece hecha después de inter-
puesta la apelación; esto es, cuando de acuerdo con la ley y
la jurisprudencia, la corte de distrito carecía de jurisdicción
para ello, a menos que el apelante hubiera abandonado la
apelación o hubiera realizado algún acto inconsistente con la
prosecución del recurso, lo que no aparece en manera alguna
en los autos.   (Véase 3 Cyc., 201.)

Como resultado de todo lo expuesto consideraremos, pues,
como la única sentencia validamente dictada en este caso, la
de 30 de abril de 1910 contra la cual se interpuso el presente
recurso de apelación; siendo la enmendada de 18 de julio de
1910 una mera nulidad por haber sido dictada por la corte de
distrito cuando no tenía jurisdicción sobre el caso.

(*Smith* v. *Haynes*, 30 Texas Rep., 502.)

Resuelta la anterior cuestión previa, consideraremos el
recurso establecido y lo resolveremos por sus propios méritos.

La demandante Dionisia Martínez alegó bajo juramento
en su demanda:

"1°. Que es dueña de la finca siguiente:

"Pedazo de terreno radicado en el barrio de 'San Patricio,' antes
'Guaraguaos,' del término municipal de Ponce, compuesto de 84 cuer-
das, si bien en el registro figuran 76 solamente, en lindes por el Este
con la sucesión Joglar; por el Sud con el río de San Patricio; por el
Oeste con una quebrada y con una finca de 180 cuerdas, propiedad
de Don Juan Príncipe, de la cual subastó 'El Pueblo de Puerto Rico'
90 cuerdas primeramente y después 60 más, para el pago de contri-
buciones; y por el Norte con la cuchilla que divide las jurisdicciones
de Utuado y Ponce.   Cuya finca está inscrita en el registro de la
propiedad al folio 195 del tomo 143 de Ponce, finca 174 duplicado,
inscripción 7ª. y es la marcada con la letra B en el plano adjunto.

"2°. Que 'El Pueblo de Puerto Rico' arrendó a Juan Delgado de
las expresadas 60 y 90 cuerdas, por medio de un agrimensor del

Departamento del Interior; lo hizo éste por indicación de dicho Juan Delgado, de la finca descrita en el hecho primero; que no ha sido subastada, ni debe contribuciones, cuya finca, el repetido Juan Delgado venía ocupando con anterioridad sin ningún título, y la sigue ocupando en la actualidad."

El demandado Juan Delgado contestó bajo juramento:

"1º. Que niega específicamente que la demandante sea dueña de la finca descrita en el párrafo primero de la demanda.

"2º. Que si bien admite el haberse introducido y tomado posesión de dicha finca, alega que lo hizo bajo título de arrendatario del 'Pueblo de Puerto Rico,' contrato de arriendo de 19 de marzo de 1906, y niega las demás alegaciones del párrafo segundo."

Y el otro demandado, o sea El Pueblo de Puerto Rico, contestó también bajo juramento:

"1º. Negamos los hechos contenidos en el número 1º. de la demanda.

"2º. Igualmente negamos los hechos relacionados en el número 2º. de la demanda."

En el acto de la vista comparecieron las partes y practicaron sus pruebas y la corte dictó sentencia declarando con lugar la demanda, decretando que la finca descrita pertenece a la demandante Dionisia Martínez y condenando a los demandados a que la desocupen y dejen expedita a la libre disposición de la demandante apercibidos de lanzamiento.

De las pruebas resulta que Juan Príncipe Vásquez aparecía en el registro y a los efectos del pago de las contribuciones, como dueño de dos fincas rústicas situadas en el término municipal de Ponce, una de ciento ochenta cuerdas y otra de setenta y seis.

Habiendo Príncipe dejado de pagar las contribuciones impuestas a la finca de ciento ochenta cuerdas, se embargó una porción de la misma y se remató en la Colecturía de Rentas Internas de Ponce el 9 de marzo de 1904, adquiriéndola El Pueblo de Puerto Rico en pago de la suma adeudada ascendente a 344 pesos 88 centavos. Juan Príncipe no

redimió las tierras rematadas y el dominio de las mismas se inscribió en el registro a favor de El Pueblo de Puerto Rico el 2 de julio de 1904. El Pueblo de Puerto Rico arrendó la expresada finca en 19 de marzo de 1906 a Juan Delgado.

Así las cosas, la demandante Dionisia Martínez estableció su demanda, y la cuestión a resolver en el presente caso es si las tierras rematadas por El Pueblo y arrendadas a Delgado y poseídas en la actualidad por El Pueblo como dueño y por Delgado como arrendatario, son en realidad de verdad parte de la finca de 180 cuerdas que pertenecía a Príncipe, o constituyen la finca de 76 cuerdas que Príncipe vendió a la demandante Dionisia Martínez.

Un examen cuidadoso de las pruebas practicadas nos hace dudar mucho con respecto al hecho de si la demandante identificó la finca que reclama como de su propiedad, requisito este esencial para que pudiera prosperar la acción reivindicatoria por ella ejercitada.

Examinando las inscripciones de la finca de 76 cuerdas en el registro de la propiedad, se observa que la colindancia Este de la misma se varió al ser vendida por el Márshal de la Corte Municipal de Ponce en un procedimiento seguido contra Príncipe en cobro de pesos; que tal variación se debió al parecer a los datos suministrados por el mismo Príncipe; que Príncipe adquirió de nuevo la finca ya con la colindancia variada y que así la vendió a la demandante en este pleito.

Tal variación era indispensable para que la finca de 76 cuerdas colindara con la de 180 cuerdas, y para que pudiera alegarse que la finca de 76 cuerdas es la misma que actualmente poseen los demandados.

Si se tiene en cuenta además que varios testigos afirman que la antigua finca de Eusebio Martínez vendida por su sucesión a Príncipe y finalmente adquirida por la demandante, está en otro sitio del mismo barrio, y que si la finca poseída por los demandados es la de 76 cuerdas, entonces no es posible encontrar en su totalidad la otra finca de 180 cuer-

das, debemos concluir que la prueba con respecto a la identificación es muy dudosa, como dijimos anteriormente, y que por tal motivo podría declararse con lugar el recurso y desestimarse la demanda.

Ahora bien, examinando la prueba se notan algunas circunstancias favorables a la demandante entre ellas la de que según la titulación de la finca de 180 cuerdas, ésta colinda por el Oeste con Eusebio Martínez, antiguo dueño de la finca de 76.

Siendo esto así, nos parece que se cumple mejor con los fines de la justicia aplicando a este caso la regla establecida por esta Suprema Corte en *Dapena* v. *Sucesión Dominici,* 12 D. P. R., 66, y *Cepeda* v. *Andino,* 12 D. P. R., 197, y en su virtud declarar con lugar el recurso, pero concediendo la celebración de un nuevo juicio, en el cual las partes con la experiencia del primero presenten una prueba completa y decisiva que permita resolver la cuestión planteada sin dudas ni vacilaciones.

El recurso debe declararse con lugar y concederse la celebración de un nuevo juicio.

                                  *Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary, no tomó parte en la resolución de este caso.