MARVIN & JONES, INC., APELADOS, v. TORRES ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 889.—Resuelto en febrero 4, 1913.

SENTENCIAS — FACULTADES DE LA CORTE SENTENCIADORA PARA ENMENDARLAS — TÉRMINOS DE LAS CORTES.—Las Cortes de Puerto Rico pueden enmendar sus sentencias y decretos en cualquier forma dentro del término en que fueron dictados, y después del término sólo cuando la solicitud se haga dentro del término y continúe tramitándose fuera de él, o cuando se trate de errores clericales.

ID.—ENMIENDAS—ERRORES DE DERECHO—COS TAS.—Una Corte de Distrito no tiene facultades después de haber expirado el término dentro del cual dictó sentencia para enmendar ésta, añadiendo a la palabra "costas" las palabras "desembolsos y honorarios de abogado." Tal enmienda constituiría en el presente caso, atendidas las circunstancias del mismo, la subsanación de un error de derecho y no clerical.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José A. Poventud.*

Abogados de los apelados: *Sres. Francisco Jiménez y Jaime C. Seix.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La Corte de Distrito de Ponce dictó sentencia en este caso el 18 de abril de 1912, declarando sin lugar la demanda, "con las costas a la parte demandante."

En 31 de julio de 1912, los demandados presentaron una moción a la corte alegando "que por un olvido o error involuntario se omitió por el Sr. Secretario de la corte consignar en la ameritada sentencia, después del vocablo 'costas,' las palabras 'desembolsos y honorarios de abogados,' cual fué indudablemente la intención del tribunal" y solicitando que la corte ordenara la enmienda de la repetida sentencia *"nunc pro tunc"* agregado después de la palabra "costas" las palabras "desembolsos y honorarios de abogado."

La moción fué notificada al abogado de la parte actora, se vió en corte abierta con asistencia de los abogados de ambas partes, y se declaró sin lugar el 28 de agosto de 1912. La resolución de la corte, contra la cual se estableció el presente recurso de apelación, dice así:

"Aun cuando esta corte tuvo la intención de incluir en la palabra 'costas,' los desembolsos y honorarios de abogado, al imponer las costas a los demandantes, sin embargo, vista la doctrina sentada en los casos de *Byrne* v. *Hoag*, 116 Cal., 5, y Estate of Potter, 141 Cal., 426, y considerando que si ha habido error es de derecho y no material, se declara sin lugar la moción."

Lo primero que debemos considerar en un caso de esta naturaleza, es si la enmienda propuesta se solicitó dentro del término en que se dictó la sentencia o fuera de él, ya que en el primer caso el poder de la corte para enmendar cualquier error, clerical o de derecho, es indiscutible, mientras que en el segundo las enmiendas sólo proceden en determinados casos.

Los términos de las cortes de distrito de Puerto Rico son cinco cada año, de dos meses cada uno. La sentencia en este caso se dictó el 18 de abril de 1912, y la enmienda se propuso el 31 de julio del propio año. Entre la fecha del pronunciamiento de la sentencia y la de la solicitud de la enmienda mediaron, pues, más de dos meses y, en tal virtud, es necesario concluir que la enmienda se pidió después del término en que se dictó la sentencia.

Aclarado este punto, examinemos el poder de las cortes para enmendar sus sentencias después del término en que fueron dictadas.

La jurisprudencia sobre este punto es abundantísima y toda ella conviene en que aun después del término en que los dictaron, tienen las cortes facultad para enmendar sus decretos y sentencias, pero las enmiendas se limitan entonces a la corrección de errores clericales, y no a la alteración fundamental de las resoluciones, a menos que exista alguna ley autorizando esto último expresamente. Para mayor ilustración, citaremos algunas decisiones de las cortes americanas.

En la ley común, ningún fallo podía enmendarse después del término en que fué registrado. *Albers* v. *Whitney,* Fed. Case No. 137 [I Story, 310].

Las cortes de circuito no tienen poder después de vencido el término para modificar una sentencia. *Malpas* v. *Lowenstine,* 46 Ark., 676.

No existiendo una disposición legal sobre la materia, las sentencias dictadas regularmente quedan fuera del *control* de la corte después de vencido el término en que se dictaron. *Exchange Bank* v. *Ford,* 7 Colo., 314; 3 Pac., 449.

Una corte no tiene poder para enmendar una sentencia dictada en un término anterior a menos que se hubiere presentado una moción o se hubieren instituído algunos procedimientos con tal objeto en el expresado término, y la moción o los procedimientos hubieren continuado tramitándose, o a menos que el récord demuestre que la sentencia tal como fué registrada, no era la que la corte había pronunciado realmente. *O'Brien* v. *O'Brien,* 124 Cal., 422; *De Castro* v. *Richardson,* 25 Cal., 49.

Una sentencia puede enmendarse en meras cuestiones de forma, o enmendarse, corrigiendo equivocaciones, a los efectos de conformar la registrada con la que la corte verdaderamente dictó, aun después del término. *McDonald* v. *Patterson,* 190 Ill., 121. Pero para que esto pueda hacerse es necesario que exista algún récord, minuta, nota escrita, **notas**

taquigráficas, o alguna otra base escrita por la cual determinar la exacta naturaleza de la sentencia u orden que se trata de enmendar; la enmienda no puede basarse en evidencia oral meramente o en el recuerdo del juez.  *Stitt* v. *Kurtenbach,* 85 Ill., App., 38.

El tratadista Black, en su obra sobre la Ley de las Sentencias, apoyándose en decisiones del Estado de Alabama, se expresa así: ''La facultad de enmendar con efecto retroactivo (*nunc pro tunc*) no lleva consigo el derecho de revisar, ni se ha concedido para que se corrijan errores jurídicos. Esa facultad de enmendar no debe nunca ejercerse como recurso para modificar o ampliar la sentencia, ni su constancia en autos hasta el extremo de que se consigne un pronunciamiento que la corte no hizo, aun cuando la enmienda propuesta comprenda cuestiones que en realidad debieron ser resueltas. El fallo expreso del tribunal, por erróneo que sea, no puede enmendarse en un término posterior.''  I Black on Judgments, 158, 231.

Habiendo en consideración todo lo expuesto y lo prescrito en el artículo 7, No. 8, del Código de Enjuiciamiento Civil, igual a lo establecido en la sección 128, No. 8, del Código de Enjuiciamiento de California, debemos concluir que las cortes de justicia de Puerto Rico pueden enmendar sus sentencias y decretos en cualquier forma dentro del término en que fueron dictados, y después del término sólo cuando la solicitud se haga dentro del término y continúe tramitándose fuera de él, o cuando se trate de errores clericales, por ejemplo, cuando del récord aparezca que la sentencia tal como fué registrada difiere de la sentencia tal como fué realmente dictada.

Apliquemos ahora los principios expuestos al caso concreto que resolvemos.

¿Se trata aquí de corregir un error clerical, de subsanar una omisión involuntaria, de conformar la sentencia con lo que consta en el récord; o se trata de enmendar fundamentalmente la sentencia **registrada**?

Los apelantes propusieron la enmienda para intercalar ciertas palabras "omitidas involuntariamente por el secretario," pero el juez consignó en su resolución que no hubo omisión involuntaria, y que si existió error, fué de derecho y no material.

A nuestro juicio la cuestión fué planteada y resuelta debidamente por la corte de distrito.

Si.los apelantes hubieran demostrado que en las minutas de la corte, por ejemplo, constaba que la corte al dictar su sentencia había impuesto las costas, desembolsos y honorarios y que en el libro de sentencias sólo aparecía registrada la imposición de las costas, su derecho a obtener que se enmendara la sentencia registrada conformándola con la realmente dictada, sería evidente.

Pero ese no es el caso. La palabra "costas" ha sido interpretada por esta Corte Suprema en *Veve* v. *Municipio de Fajardo,* 18 D. P. R., 764, como comprensiva "de los derechos e indemnizaciones que consistan en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos o aranceles," y distinguida de las palabras "desembolsos" y "honorarios," habiéndose resuelto, además, en dicho pleito, que una parte que sólo ha sido condenada en "costas" no está obligada a pagar los desembolsos y honorarios.

Siendo esto así, se concluye sin esfuerzo alguno que la enmienda solicitada por los demandados impondría sobre los demandantes una nueva obligación, la de pagar los desembolsos y honorarios de abogado, no impuesta por la sentencia tal como fué dictada por el juez y registrada por el secretario, y, en tal virtud, que tratándose.de una enmienda que altera sustancialmente la sentencia dictada, tal enmienda no puede decretarse después del término en que se dictó la sentencia.

El hecho de que el juez tuviera la intención de imponer las costas, desembolsos y honorarios, no varía la naturaleza de este caso. No basta tener la intención, sino que es nece-

sario traducir esa intención en hechos positivos, para que tales hechos puedan apreciarse luego como base de enmiendas. El cometido por la corte fué, como ella misma consigna, un error de derecho, y tales errores no pueden corregirse después del término en la forma solicitada por los apelantes.

El recurso interpuesto debe declararse sin lugar y confirmarse la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.