Rufino Rodríguez Domínguez, demandante y apelado, *v.* Carmen Sánchez Martínez y Rafael López Cepero, demandados y apelantes.

No. 6709.—*Sometido:* Marzo 8, 1935. *Resuelto:* Marzo 12, 1935.

*R. Rodríguez Alberty,* abogado de las apelantes; *Juan B. Soto* y *Juan F. Soto,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Rufino Rodríguez Domínguez demandó en la Corte de Distrito de San Juan a Carmen Sánchez Martínez y a Rafael López Cepero pidiendo a la corte que les ordenara otorgar determinadas escrituras aclaratorias.

Alegó, en resumen, que el 13 de marzo de 1917, y con anterioridad a esa fecha, los demandados eran condueños del solar con casa que se describe, y la demandada Carmen Sánchez era dueña además de otra casa situada en el mismo solar; que en abril 13, 1917 por escritura pública los demandados vendieron a la mercantil Sucesores de Pérez Hnos. S. en C. sus condominios sobre el solar y casa y la demandada Sánchez les vendió también la otra casa, todo por $2,300, correspondiendo $1,700 a la demandada Sánchez y $600 al demandado López Cepero; que en la escritura no se describió debidamente el solar y requeridos los demandados para que la aclararan, rehusaron, y que al liquidarse la sociedad compradora se adjudicaron a su socio gestor el demandante en pago parcial de su haber las indicadas propiedades.

Y por una segunda causa de acción alegó que en octubre 13, 1916, la demandada Sánchez vendió al demandante por mil dólares una casa de madera y el solar en que está enclavada situado en la calle Brumbaugh, de Río Piedras, sin que en la escritura pública otorgada al efecto se describiera debidamente el solar, motivo por el cual se requirió a dicha demandada para que otorgara la correspondiente acta aclaratoria, habiéndose negado a ello.

Los demandados comparecieron separadamente y adujeron las excepciones previas de defecto de partes demandadas, indebida acumulación de acciones y falta de hechos, basada

esta última en la prescripción de la acción ejercida, de acuerdo con lo dispuesto en el artículo 1865 del Código Civil, Ed. 1911.

La corte declaró sin lugar la excepción de falta de partes demandadas y con lugar las de indebida acumulación de acciones y falta de hechos por estar prescrita la acción. Estimó que tratándose de una acción de naturaleza personal, debió ejercerse dentro del término de quince años, y no siendo a su juicio la demanda susceptible de enmienda, dictó sentencia declarándola sin lugar con costas.

La sentencia se registró el 6 de marzo de 1934 y el 12 del propio mes el demandante pidió a la corte que la reconsiderara en cuanto a su pronunciamiento de costas. Al día siguiente la corte reconsideró en efecto su sentencia en los siguientes términos:

"Vista la moción de reconsideración presentada por el demandante, la corte, teniendo en cuenta que no ha existido temeridad alguna por parte del demandante en la prosecución de este pleito, reconsidera la sentencia dictada en este caso, solamente en cuanto al pronunciamiento de costas, de modo que cada parte pagará sus costas."

No conformes los demandados interpusieron el presente recurso de apelación, señalando en su alegato tres errores cometidos, a su juicio, por la corte al reconsiderar su sentencia enmendándola totalmente en cuanto a su pronunciamiento de costas, al actuar así sin oír a los demandados y al resolver que no hubo temeridad por parte del demandante.

El principio de que toda corte tiene poder para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia lo reconoce el propio Código de Enjuiciamiento Civil en su artículo 7, No. 8.

Aquí la modificación o corrección de la sentencia se hizo dentro del término y esta propia Corte Suprema siguiendo jurisprudencia bien establecida sobre el particular, ha resuelto que las cortes de Puerto Rico pueden enmendar sus sentencias en cualquier forma dentro del término en que fue-

ron dictadas. *Marvin & Jones, Inc.* v. *Torres et al.,* 19 D.P.R. 48. "Una Corte", se dice en 34 C. J. 207, "tiene completo control sobre sus órdenes o sentencias dentro del término en que fueron dictadas, y puede, por causa suficiente, en el ejercicio de su sana discreción, enmendar, corregir, revisar, suplementar, abrir o dejar sin efecto dichas sentencias. Ésa era la regla en la ley común y prevalece en casi todas las jurisdicciones."

Con respecto al poder de la corte no hay, pues, cuestión. La cuestión surge con respecto al procedimiento seguido para ejercerlo. La corte puede actuar por su propia iniciativa o a requerimiento de parte interesada. Aquí actuó a moción del demandante, sin noticia a los demandados. ¿Pudo hacerlo?

"Una moción de reconsideración," dijo esta Corte Suprema en el caso de *Calaf* v. *Gallardo,* 36 D.P.R. 147, 151, "es generalmente una cuestión *ex parte.* Si la corte decide declararla sin lugar, entonces no hay razón alguna para oír a la parte contraria, y se dispone del caso con más prontitud. Si la Corte tiene algunas serias dudas, en una u otra forma dará a la parte contraria la oportunidad de ser oída." Véase además el caso de *Ferrari* v. *American Railroad,* 39 D.P.R. 49, 56.

El procedimiento seguido en esta corte cuando se solicita la reconsideración de sus sentencias se indica en esa decisión. Si la corte está convencida de que la reconsideración no procede, declara inmediatamente, sin oír a la otra parte, la moción solicitándola sin lugar. Si por el contrario el examen de la moción la convence de que la reconsideración procede, inmediatamente y sin oír a la otra parte, la declara con lugar, dejando sin efecto su sentencia total o parcialmente, según sea el caso, y señala una nueva vista para oír a todas las partes y resolver de nuevo en su día la cuestión suscitada. Puede dictar entonces la misma sentencia que antes dictara u otra diferente. Actúa sobre los méritos del caso.

Otras veces si lo que levanta el examen de la moción de reconsideración son dudas más o menos fuertes la corte señala un día para oír a las partes sobre los méritos de la moción y después resuelve. Si la declara con lugar, señala el caso de nuevo como queda indicado. En algunas ocasiones, en ahorro de tiempo, se advierte a las partes que la corte, si acuerda la reconsideración, resolverá el caso definitivamente, sin señalar nueva vista sobre sus méritos. Las partes pueden entonces agotar la discusión en la audiencia con conocimiento de cuál es la intención del tribunal.

Ejerce así esta corte su poder, pero siempre dando una oportunidad a las partes para defender sus derechos.

■ No hay la más leve duda de que en el caso concreto que estudiamos la corte de distrito tenía la facultad de reconsiderar el pronunciamiento sobre costas que contenía la sentencia que dictara, pero ya había pronunciado su fallo, ya había reconocido a los demandados el derecho a recobrar las costas en que habían incurrido para defenderse, y, aunque no hubiera transcurrido el término, creemos que, en general, la corte no hubiera debido actuar en definitiva sin oírlos, o debió reconsiderar el pronunciamiento dejándolo simplemente sin efecto para oír de nuevo a ambas partes y resolver entonces en definitiva. No se trataba de la corrección de un mero error, sino de la alteración de un pronunciamiento substancial.

La jurisprudencia no es enteramente uniforme. Véase como se resume en 34 C. J. 246:

"Por regla general, una sentencia no puede enmendarse en un punto pertinente a menos que se haya hecho la debida y expresa notificación de la solicitud a la parte contraria a fin de que ésta tenga oportunidad de comparecer y mostrar causa contra la propuesta enmienda. Se ha resuelto, sin embargo, que se puede efectuar una enmienda sin notificar a la parte contraria, dentro del mismo término en que se dictó la sentencia, pero que es necesaria tal notificación para hacer una enmienda en un término subsiguiente. También se ha decidido que enmiendas de forma o de copia basadas enteramente

en cuestiones que aparecen de los autos o que descansan en la memoria del juez pueden ser hechas en cualquier momento sin notificar a las partes, pero que las enmiendas basadas en prueba aliunde pueden ser hechas solamente luego de haberse notificado a las partes, y en ausencia de tal notificación los procedimientos relativos a la enmienda o corrección son nulos. En otras jurisdicciones se ha resuelto que antes de haberse archivado la sentencia en los autos la Corte puede modificar sus resoluciones *motu proprio* y sin notificar a la parte, y dictar una sentencia distinta, pero que después de haberse registrado la sentencia la Corte no puede alterar los autos aun dentro del mismo término, sin notificar a las partes. Cuando la notificación es requerida, ésta debe ser suficiente en su forma y substancia para informar a la parte del día y del objeto del procedimiento. La notificación escrita no es siempre requerida. La notificación expresa puede substituir a la notificación formal. La comparecencia durante la vista equivale a una renuncia de la ausencia o de los defectos que pueda haber en la notificación de la solicitud. La notificación debe hacerse a la parte o a su abogado de récord. Cuando el término para hacerse la notificación está prescrito por el estatuto o por el reglamento de la Corte, el dejar de efectuar la notificación requerida es fatal para la orden que enmienda la sentencia.''

■ Ahora bien, ¿se trata de un error que produce necesariamente la revocación de la sentencia? Creemos que no. Los méritos del caso están ante nosotros, han sido levantados por el tercer señalamiento de error y de su consideración dependerá la resolución definitiva que dictemos.

Conocemos las actuaciones de las partes. Interpuesta la demanda, se formularon contra ella por los demandados tres excepciones previas. Una fué declarada sin lugar, dos con lugar. La demanda hubiera sido enmendable de no haberse declarado que la acción ejercitada había prescrito.

Tras una consideración más honda de su actuación, la corte sentenciadora estimó que el demandante no había sido temerario. Hemos oído por escrito y oralmente al demandante y a los demandados sobre el particular. La defensa de prescripción es perfectamente legal y en muchas ocasiones ayuda la obra reparadora de la justicia. Es ley saludable, práctica, de reposo. Al fijar la mayor o menor extensión de sus tér-

minos, se basa en un estudio concienzudo de la naturaleza, alcance y trascendencia del derecho o acción que regula y de la manera cómo se conducen los hombres en su vida de relación. Tiende a despejar el camino, a poner fin a litigios. Pero es renunciable. Puede o no alegarse por la parte que la tiene a su favor y si no se alega, la acción del demandante, excepto en casos contadísimos, subsiste y puede ser reconocida y enforzada por los' tribunales de justicia. De ahí que no deba considerarse necesariamente, en todos los casos, temerario el demandante que ejerce una acción que pueda ser abatida si el demandado invoca en su favor la prescripción. Cada caso deberá juzgarse de acuerdo con las circunstancias que en el mismo ·concurran, y aquí si los hechos alegados son ciertos como se acepta por la excepción que lo son, ¿no parece lo justo que los demandados se avengan a otorgar las escrituras aclaratorias que el demandante solicita a fin de que la transmisión que ellos le hicieran pueda surtir todos los efectos que debe surtir una venta de inmuebles que de buena fe se realiza?

Habiendo en consideración todo lo expuesto no creemos que pueda afirmarse que la corte abusó de su discreción al dejar de imponer al demandante la· obligación de pagar las costas de los demandados y en tal virtud opinamos que *el recurso interpuesto debe declararse sin lugar y confirmarse la sentencia recurrida.*