RAFAEL RODRÍGUEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. FRANCISCO ESPINOSA, JUEZ, demandado; LINDINGER SHIPPING CO., LTD., interventora.

*Número:* O-72-314      *Resuelto:* 29 de mayo de 1974

Fiddler, González & Rodríguez, Salvador E. Casellas y Eduardo
Negrón Rodríguez, abogados del peticionario; Bird & Bird,
abogados de la interventora.

PER CURIAM: Expedimos *certiorari* para revisar una reso-
lución del Tribunal Superior que declaró sin lugar una moción
de relevo de una sentencia dictada en rebeldía que condenó al
recurrente a satisfacer a la interventora la suma de $8,360.39
más intereses. La sentencia fue dictada por el Secretario del
Tribunal el 17 de septiembre de 1971. En la demanda se inclu-
yeron como partes demandadas al Sr. Angelo Petito, quien
nunca fue emplazado, a Rodríguez & Petito, Inc., y al recu-
rrente Sr. Rodríguez. Sólo a este último se le anotó la rebeldía.

En sus dos mociones de relevo de sentencia, radicada una
el 22 de mayo de 1972 y la otra el 24 de agosto de 1972, el
recurrente informa que no compareció a defenderse por su-
gestión de su abogado, quien estaba tramitando una petición
de quiebra voluntaria ante la Corte Federal de Distrito en
San Juan. El abogado del recurrente falleció sin lograr la
paralización de los procedimientos.

El tribunal de instancia desestimó las mociones de
relevo de sentencia por haber transcurrido el período juris-
diccional de 6 meses provisto en la Regla 49.2 de Procedimien-
to Civil. En este recurso, el recurrente señala que no aplica
dicho término por las siguientes razones:

1) las alegaciones de la demanda son falsas, y esto constituye fraude al tribunal;

2) bajo el Art. 7, inciso 8 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 44, los tribunales tienen poder inherente para corregir pronunciamientos injustos sin limitación de término;

3) la sentencia es nula de su faz por no tener el Secretario facultad en ley para dictar la sentencia que dictó.

(1) El planteamiento de fraude al tribunal se basa en que el demandante indujo a error al tribunal por unas alegaciones falsas contenidas en la demanda. A la luz de lo expresado en *Municipio de Coamo* v. *Tribunal Superior*, 99 D.P.R. 932 (1971), es evidente que unas alegaciones falsas *per se* no constituyen fundamento para concluir que hubo fraude al tribunal.

(2) El Art. 7, inciso 8 del Código de Enjuiciamiento Civil dispone:

"Toda Corte tiene poder:

1. .         .         .         .         .         .         .         .
2. .         .         .         .         .         .         .         .
3. .         .         .         .         .         .         .         .
4. .         .         .         .         .         .         .         .
5. .         .         .         .         .         .         .         .
6. .         .         .         .         .         .         .         .
7. .         .         .         .         .         .         .         .

8. Para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y la justicia."

Esta disposición del Código de Enjuiciamiento Civil del 1904 y 1933 ha sido interpretada en repetidas ocasiones por este tribunal. En *Capó* v. *Fernández,* 16 D.P.R. 350 (1910), resolvimos que había que interpretarla en armonía con el Art. 140 del propio Código, sobre relevo de sentencia por inadvertencia, antecesor de la Regla 49.2 de Procedimiento Civil de 1958. Posteriormente, en *Martínez* v. *Delgado,* 18 D.P.R. 390 (1911) y *Marvin & Jones, Inc.* v. *Torres et al.,* 19 D.P.R.

48 (1913), se estableció que el poder para enmendar sus pronunciamientos se puede ejercer solo dentro del término en que fueron dictados, a no ser que se trate de los llamados errores oficinescos. (¹) Ver también *Domínguez* v. *Fabián*, 35 D.P.R. 314 (1926) y *Rodríguez* v. *Sánchez*, 48 D.P.R. 236 (1935). En *Builders Ins. Co.* v. *Tribunal Superior*, 100 D.P.R. 401 (1972) expresamos la doctrina moderna:

"Si bien es cierto que los tribunales retienen la facultad para corregir sus providencias y órdenes con el fin de ajustarlas a la ley, para ello es necesario que se sigan los canales procesales adecuados. Véanse, Código de Enjuiciamiento Civil de Puerto Rico, Art. 7, inciso 8 (32 L.P.R.A. sec. 44); *El Mundo, Inc.* v. *Tribunal Superior,* supra; *Rodríguez* v. *Sánchez,* 48 D.P.R. 236 (1935); *Maxwell* v. *Perkins,* 255 P.2d 10; *Davis* v. *Campbell,* 319 S.W.2d 758."

■ Lo antedicho es suficiente para concluir que la facultad de los tribunales para enmendar sus pronunciamientos bajo el Art. 7, inciso 8 del Código de Enjuiciamiento Civil está limitado en su aspecto procesal por lo dispuesto en la Regla 49.2 de Procedimiento Civil.

■ (3) El tercer argumento del recurrente presenta una cuestión sustantiva. No hay duda de que en la obtención de la sentencia en rebeldía se observaron todos los requisitos procesales contenidos en la Regla 45 de las de Procedimiento Civil. Sin embargo, alega el recurrente que la sentencia es nula *ab initio* por no haberse dictado contra todos los demandados de acuerdo a la súplica de la demanda; y que por ser ésta una obligación mancomunada, no procede condenar al recurrente por el monto íntegro de la deuda. En su apoyo cita la

---

(¹) Para las fechas en que se decidieron estos casos, los términos de las cortes eran cinco cada año, de dos meses cada uno. Por consiguiente, para enmendar sentencias por errores no oficinescos, había que hacerlo dentro del término de dos meses de haberse dictado o a lo menos, que se radicara la moción solicitando la enmienda dentro de dichos dos meses. Ver *Marvin & Jones Inc.* v. *Torres et al.,* 19 D.P.R. 48 (1913).

Regla 44.3 de las de Procedimiento Civil. (²) El caso de *Manrique* v. *Diez*, 22 D.P.R. 180 (1915), presenta una situación similar a la de autos. En dicho caso el tribunal dictó sentencia contra dos arrendatarios. Transcurrido el término apelativo, uno de ellos recurrió en auto de *certiorari*. Dijimos a la pág. 181: "Sostiene éste que la obligación era mancomunada y no solidaria y que la sentencia debió haberse dictado contra cado uno de los arrendatarios por la mitad de la suma de conformidad con los artículos 1104 y 1105 del Código Civil. En primer lugar, suponiendo que el principio consignado en estos *artículos* es de aplicación al arrendamiento, ésta es una cuestión sustantiva y no de procedimiento. En segundo lugar de los autos aparece que esta cuestión no fue promovida en la corte municipal por el peticionario ni se ha hecho ningún esfuerzo con el fin de que fuere modificada dicha sentencia. . . . ." Al anotársele la rebeldía al recurrente, éste renunció a presentar prueba contra las alegaciones de la demanda, y a levantar sus defensas afirmativas, *Rivera* v. *Goytía*, 70 D.P.R. 30 (1949), allanándose a que se dictara sentencia de acuerdo a la solicitud de sentencia sumaria. Ver Regla 44.3 de las de Procedimiento Civil, *ante*, escolio 2.

El demandante cumplió con todos los requisitos procesales de las Reglas 45.1 y 45.2 (a) de las de Procedimiento Civil. No se puede ahora impugnar dicha sentencia levantando cuestiones substantivas que procedía levantar antes de la sentencia como defensas afirmativas, o después de la sentencia en un recurso de revisión. Hemos sostenido que una *moción de relevo de sentencia no procede como remedio substituto para el recurso ordinario de revisión* Véase *Builders Ins. Co.* v. *Tribunal Superior*, supra.

---

(²) Dicha Regla dispone: "Toda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones; sin embargo, una sentencia en rebeldía no será de naturaleza distinta ni excederá en cuantía a lo que se haya pedido en la solicitud de sentencia."

Por los fundamentos expuestos *se confirmará la resolución del Tribunal Superior que declaró sin lugar la moción de relevo de sentencia.*

El Juez Asociado Señor Rigau, concurre en el resultado.