Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| POPULAR AUTO, LLC<br><br>Apelado<br>V.<br><br>PRISCILA VEINTIDÓS RIVERA<br><br>Apelante | KLAN202400777 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2022CV02063 (407)<br><br>Sobre:<br>COBRO DE DINERO |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2024.

La apelante, Priscila Veintidós Rivera, solicita que revoquemos la sentencia sumaria en rebeldía dictada en su contra por el Tribunal de Primera Instancia.

El apelado, Popular Auto, presentó su oposición al recurso.

Los hechos procesales pertinentes a la controversia que atendemos son los siguientes:

**I.**

Popular Auto presentó una demanda de cobro de dinero contra la apelante. Durante el trámite procesal, el TPI sancionó económicamente a la apelada, debido a las alegaciones de Popular Auto de incumplimiento con el descubrimiento de prueba. Posteriormente, le anotó la rebeldía y dictó sentencia en su contra, porque no informó su nueva representación legal dentro del término ordenado. La apelante pidió reconsideración. El tribunal difirió la consideración de la moción de reconsideración y ordenó a la apelante evidenciar la defensa que antepondría para evaluar si ameritaba ser relevada de la sentencia. El 23 de agosto de 2023 dejó sin efecto la sentencia en rebeldía contra la apelante y concedió un término a las partes para que presentaran mociones dispositivas.

Popular Auto presentó una demanda enmendada, en la que alegó que: (1) era cesionario de un contrato de venta al por menor a plazos,

Número Identificador

SEN2024 _____

otorgado por la apelante a favor de Reliable Financial Services el 13 de noviembre de 2014, (2) el vehículo de motor objeto del contrato era el descrito en la demanda, (3) la apelante incumplió con los términos del contrato porque dejó de pagar los pagos mensuales de $307.00 acordados y (4) al 31 de diciembre de 2021 adeudaba $23,886.50, intereses a razón del 15.95% anual, cargos por mora y vencidos, costas, gastos y honorarios a razón del 5% estipulado. Según Popular Auto, (1) el vehículo no había sido entregado, (2) la deuda era líquida, vencida y exigible y continuaba acumulando intereses y (3) las gestiones de cobro fueron infructuosas. Véase, pág. 18 del apéndice.

Por su parte, la apelante presentó su contestación a la demanda enmendada, en la que alegó que: (1) entregó el vehículo en el año 2017 porque no podía pagarlo, (2) la cuenta se cerró con la entrega del vehículo, (3) nunca recibió la notificación de cambio de acreedor y (4) la apelada tenía que vender el vehículo en pública subasta con notificación al deudor y eso nunca sucedió. La señora Veintidós adujo que Popular Auto pretendía cobrar la totalidad de una cuenta cerrada y en la cual el vehículo estaba en posesión del apelado que ya había cobrado los gastos de reparación, grúa y almacenaje. Véase, pág. 20 del apéndice.

Popular Auto objetó las contestaciones de la apelante al descubrimiento de prueba. Posteriormente pidió sanciones en su contra. El TPI sancionó económicamente a la apelante. Popular pidió que se eliminaran las alegaciones de la apelante y se anotara la rebeldía en su contra, por incumplir con el descubrimiento de prueba. Así lo concedió el foro primario anotándole la rebeldía y eliminando sus alegaciones. La apelante pidió reconsideración, alegando que el abogado de la apelada mintió e indujo a error al tribunal. La señora Veintidós presentó una moción de sentencia sumaria, en la que negó la existencia de la deuda, porque le entregó el vehículo a Reliable en octubre de 2017 y desde entonces no se hizo ninguna gestión de cobro en su contra. Véase, pág. 73 del apéndice.

Según Popular Auto, la apelante no podía solicitar sentencia sumaria, porque estaba en rebeldía, por lo que solicitó sentencia sumaria a su favor. Véase, pág. 82 del apéndice. El TPI adjudicó el caso

sumariamente a favor de Popular Auto en una sentencia escueta, en la que hizo un recuento del trámite procesal. El foro apelado ordenó a la apelante a pagar a Popular Auto $23,886.50, intereses a razón 15.95% anual, a partir del 30 de mayo de 2022, cargos por mora, los gastos de reparación del vehículo, almacenaje y servicio de grúa, $2,388.65 de honorarios pactados y $2,000.00 de honorarios por temeridad. Véase, pág. 90 del apéndice.

El 17 de julio de 2024, el TPI denegó la moción de reconsideración que presentó la apelante.

Inconforme, la apelante presentó este recurso en el que alega que:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DICTAR SENTENCIA A FAVOR DE LA APELADA SIN CONSIDERAR LA MOCIÓN DE SENTENCIA SUMARIA.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DICTAR SENTENCIA A FAVOR DE LA APELADA SIN ESTA HABER PROBADO SUS ALEGACIONES Y TENIENDO EVIDENCIA ANTE SÍ QUE PRUEBA QUE LAS ALEGACIONES DE LA APELANTE.

## II.

### A.

### MOCIÓN DE SENTENCIA SUMARIA

Nuestro ordenamiento procesal civil reconoce el uso y valor que tiene la sentencia sumaria para asegurar una solución justa, rápida y económica de los casos. La herramienta procesal de la sentencia sumaria posibilita la pronta resolución de una controversia, cuando no es necesario celebrar un juicio en su fondo. No obstante, para que proceda es necesario que, de los documentos no controvertidos, surja que no hay controversia real y sustancial sobre los hechos materiales del caso. Un hecho material es aquel que puede afectar el resultado de la reclamación, de acuerdo con el derecho sustantivo aplicable. La controversia sobre los hechos materiales tiene que ser real. Cualquier duda es insuficiente para derrotar una moción de sentencia sumaria. La sentencia sumaria procede cuando no existe controversia de hechos materiales y únicamente resta aplicar el derecho. *Cruz, López v. Casa Bella y otros,* 2024 TSPR 47, 213 DPR ___ (2024); *Universal Ins. y otro v. ELA y otros,* 211 DPR 455, 471-472 (2023).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, exige el cumplimiento de ciertos requisitos de forma para instar una moción de sentencia sumaria y su respectiva oposición. La parte que sostenga la inexistencia de una controversia sustancial de hechos esenciales y pertinentes debe presentar una moción que se funde en declaraciones juradas u otra evidencia admisible. Además, tanto la moción como la oposición deberán cumplir con lo establecido en la Regla 36.3, *supra*. La sentencia sumaria no puede dictarse cuando: (1) existen hechos esenciales controvertidos, (2) la demanda tiene alegaciones afirmativas que no han sido refutadas, (3) existe una controversia real sobre algún hecho esencial o material que surge de los propios documentos que acompañan la moción o (4) no procede como cuestión de derecho. *Universal Ins. y otro v. ELA y otros,* supra, pág. 472.

El Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar las solicitudes de sentencia sumaria. Al igual que el TPI tiene que regirse por la Regla 36, *supra*, y aplicar los criterios que esa regla y su jurisprudencia interpretativa exigen. Ambos foros tienen que revisar que la moción de sentencia sumaria y su oposición cumplan los requisitos de forma codificados en la Regla 36, *supra.* El Tribunal de Apelaciones no podrá considerar evidencia que las partes no presentaron en el Tribunal de Primera Instancia. Este foro tampoco podrá adjudicar los hechos materiales en controversia, porque esa es una tarea que el Tribunal de Primera Instancia tiene que hacer. La revisión que hace el Tribunal de Apelaciones es la de un juicio de novo. El foro apelativo debe examinar el expediente de la manera más favorable para la parte opositora a la moción de sentencia sumaria y hacer todas las inferencias permisibles a su favor. *Cruz, López v. Casa Bella y otros,* supra; *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118 (2015).

Al revisar una sentencia sumaria, el Tribunal de Apelaciones tiene que evaluar si realmente existen hechos materiales en controversia. Cuando determina que existen hechos materiales en controversia debe exponer cuáles son. Además, tiene que determinar cuáles están incontrovertidos. Si encuentra que todos los hechos materiales están

realmente incontrovertidos, procede que revise de novo, si el TPI aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas,* supra, pág. 119.

## B.

## REBELDÍA

El tribunal podrá anotar la rebeldía motu-propio o a solicitud de parte. La rebeldía se anota contra la parte que no contesta la demanda o no se defiende como las leyes y las reglas establecen. El propósito de la anotación de rebeldía es disuadir a las partes que utilizan la dilación de los procedimientos como estrategia de litigación. La anotación de rebeldía es el remedio coercitivo que se aplica en contra de una parte a la que se concedió la oportunidad de refutar la reclamación. No obstante, debido a su pasividad o temeridad optó por no defenderse. Las consecuencias de la anotación de rebeldía son las siguientes: (1) se dan por admitidas todas las alegaciones sobre hechos correctamente alegados, (2) la causa de acción podrá continuar dilucidándose sin que el demandado participe y (3) es innecesario notificar a la parte en rebeldía toda alegación subsiguiente a la demanda original, a excepción de aquellas en las que soliciten remedios nuevos o adicionales. *González Pagán et al. v. SLG Moret-Brunet,* 202 DPR 1062, 1068-1069 (2019).

Aunque la rebeldía constituye un mecanismo procesal discrecional, no se sostiene ante el ejercicio burdo o injusto. La anotación de rebeldía y la sentencia en rebeldía, como sanciones por el incumplimiento de una orden del tribunal, siempre deben darse dentro del marco de lo que es justo. La ausencia de tal justicia equivale a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580,590 (2011).

La anotación de rebeldía tiene el efecto de que se den por admitidas todas las materias bien alegadas en la demanda y constituye una renuncia a presentar prueba contra las alegaciones de la demanda y presentar defensas afirmativas. *Rodríguez v. Tribunal Superior,* 102 DPR 290, 294 (1974). Las materias bien alegadas en un pleito en rebeldía equivalen a que los hechos admitidos y probados son los correctamente alegados. No obstante, aun así, el tribunal no está impedido de evaluar si en virtud de los hechos correctamente alegados y no controvertidos, existe una causa

de acción que justifica la concesión un remedio. *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 931 (1996). Aun en los casos en rebeldía, los tribunales están obligados a celebrar una vista para comprobar la veracidad de cualquier aseveración. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577-578 (1997). El tribunal no dictará una sentencia en rebeldía si no procede como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 590.

La parte en rebeldía no admite hechos incorrectamente alegados, alegaciones conclusorias ni conclusiones de derecho. Aquella parte que solicita un remedio deberá alegar correctamente hechos específicos que, de ser probados, lo hacen acreedor del remedio que solicita. *Ocasio v. Kelly Servs.* 163 DPR 653, 672 (2005); *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 815 (1978). La anotación de rebeldía no significa automáticamente la determinación de responsabilidad. El tribunal tiene que comprobar las aseveraciones mediante prueba y solo podrá dictar sentencia en rebeldía si concluye que procede la concesión del remedio solicitado. *Hernández v. Espinosa,* 145 DPR 248 (1998); *González Pagán et al. v. SLG Moret-Brunet, supra,* pág. 1069.

El litigante en rebeldía que ha comparecido previamente al pleito tiene derecho a conocer el señalamiento del caso, asistir a la vista, contrainterrogar los testigos de la demandante, impugnar la cuantía de daños reclamada y de revisar la sentencia. *Continental Ins. Co. v. Isleta Marina,* supra, pág. 817.

La Regla 45.1, 32 LPRA Ap. V, permite levantar la anotación de rebeldía cuando se ha incumplido o cometido un error en la implementación de la propia regla. A modo de ejemplos, esto ocurre cuando el demandado solicita el levantamiento porque no fue emplazado debidamente y puede probarlo y cuando la anotación de rebeldía ocurre por una confusión del tribunal. *Rivera Figueroa v. Joe's European Shop,* supra, págs. 592-593. Por su parte, la Regla 45.3 de Procedimiento Civil, 32 LRA Ap. V, permite dejar sin efecto la anotación de rebeldía cuando existe justa causa. La parte que solicita el levantamiento de la anotación de rebeldía podrá presentar evidencia de circunstancias que, a juicio del tribunal, demuestren justa causa para la dilación. Igualmente, podrá

probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte es razonablemente mínimo. *Íd.*

**III.**

La apelante alega que el TPI erró al no atender su solicitud de sentencia sumaria y al dictar sentencia sumaria en rebeldía en su contra.

La apelada sostiene que el TPI no podía atender la moción de sentencia sumaria que presentó la apelante, porque la señora Veintidós estaba en rebeldía. Popular Auto aduce que las alegaciones de la demanda y la declaración jurada que la acompañan son suficientes para dictar sentencia sumaria a su favor. Según la apelada, de las alegaciones de la demanda surge que: (1) la deuda es válida, (2) está vencida y exigible y (3) no ha sido satisfecha.

Los errores señalados se reducen a determinar, si el TPI debió atender la moción de sentencia sumaria que presentó la apelante y si erró al dictar sentencia sumaria en rebeldía en su contra.

La parte apelante cuestiona que el TPI no atendió su moción de sentencia sumaria. La señora Veintidós no tiene razón. El TPI hizo lo correcto, porque la anotación de rebeldía en su contra constituye una renuncia a la oportunidad de presentar defensas. No obstante, no existe impedimento para que el foro primario levante la anotación de rebeldía, cuando se ha incumplido con los requisitos de la Regla 45.1, *supra,* o la parte en rebeldía demuestra justa causa para incumplir con las órdenes del tribunal.

No obstante, la apelante tiene razón, cuando alega que el TPI erró al dictar sentencia sumaria a favor de la apelada.

Este tribunal hizo un juicio de novo de la totalidad del expediente que el TPI tuvo ante su consideración. Una evaluación minuciosa de la prueba nos convence de que existe controversia de hechos esenciales que impiden la adjudicación sumaria del caso a favor de Popular Auto. El apelado estaba obligado a probar su causa de acción, debido a que la anotación de rebeldía de la apelante no es sinónimo de responsabilidad automática. Popular Auto se limitó a incluir en la demanda enmendada alegaciones conclusorias sobre las cuantías y partidas que alega tiene

derecho a reclamar. La demanda no contiene hechos específicos que establezcan que las cantidades que reclama el apelado son correctas. El apelado únicamente alegó que la apelante dejó de hacer los pagos mensuales acordados y que, al 31 de diciembre de 2021, adeudaba $23,886.50, los intereses a razón del 15.95% anual, cargos por mora y vencidos, costas, gastos y honorarios a razón del 5%, según lo pactado. Popular Auto alegó que la deuda es líquida, vencida y exigible y que las gestiones de cobro fueron infructuosas. Tal alegación es simplemente una conclusión de derecho que no está fundamentada con hechos que demuestren que la deuda es líquida, vencida y exigible. La demanda enmendada no contiene los hechos específicos que hagan a Popular Auto acreedor del remedio que solicita. La demanda enmendada carece de hechos que establezcan cómo Popular Auto determinó las cantidades que alega adeudadas, así como la procedencia de su reclamación y de que la deuda está vencida y es líquida y exigible.

La Declaración Jurada de Viviana Rodríguez Ortiz que, Popular Auto presentó en apoyo a la moción de sentencia sumaria, tiene las mismas deficiencias que la demanda enmendada. La Gerente del Departamento de Cobros se limitó a declarar que la demandada adeudaba a la demandante la suma de $23,886.50, los intereses a razón del 15.95% anual, a partir del 30 de mayo de 2022, cargos por mora y vencidos, costas, gastos y honorarios a razón del 5%, según lo pactado y que dicho balance estaba vencido, líquido y exigible.

El foro apelado adjudicó el caso a favor de Popular Auto en una sentencia escueta, en la que se limitó a hacer un recuento del trámite procesal y referencia a la declaración jurada que presentó la apelada. El TPI abusó de su discreción al dar por buenas las alegaciones de la demanda enmendada, a pesar de que eran insuficientes para probar la causa de acción de Popular Auto. Su obligación era realizar una vista evidenciaria para confirmar, mediante prueba, la veracidad de las alegaciones de la demanda enmendada.

**IV.**

Por los fundamentos antes expuestos, se revoca la sentencia sumaria en rebeldía contra la apelada. El caso se devuelve al TPI para que

realice una vista evidenciaria, en la que Popular Auto demuestre, mediante prueba, la procedencia de su causa de acción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones