Núm. 7714.—Pastrana, aplda. *v.* Pastrana, aplte.—C. D. Humacao. Alimentos. Diciembre 16, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto la Corte de Distrito de Humacao, en 5 de noviembre de 1937, dictó la siguiente:

"Sentencia

"Examinados los autos en este caso y considerada en su totalidad la evidencia presentada por las partes, la corte dicta sentencia en el día de hoy declarando la demanda con lugar y condenando al demandado, Pedro Pastrana, a pasar a la demandante, Ada-Bisinia Pastrana Díaz, por conducto de su señora madre, doña Isabel Díaz, una pensión mensual de $25.00 para los gastos de alimentación, ropa y calzado de dicha menor, imponiéndose al demandado las costas en el procedimiento."

Por cuanto en 11 de noviembre del mismo año la corte dictó la siguiente:

### "Resolución Enmendatoria de Sentencia

"Vista la moción presentada sobre reconsideración de sentencia por la parte demandante en este caso y habiendo pasado inadvertido para esta corte al dictar la sentencia que se dictó en el mismo, la fijación de una suma como importe de los honorarios del abogado de la demandante, incluída en las costas impuestas al demandado, se enmienda la referida sentencia, *nunc pro tunc*, fijándose los referidos honorarios profesionales en la suma de $100.00 moneda americana, que el demandado deberá satisfacer a la demandante para pagar los servicios del abogado de que ésta se ha valido en la sustanciación del presente caso."

Por cuanto los únicos supuestos errores señalados por el apelante son los siguientes:

"1.—La Corte de Distrito de Humacao erró al condenar al demandado a pasar a su hija una pensión alimenticia de $25.00 mensuales, no dando aplicación al artículo 146 del Código Civil. (Ed. 1930).

"2.—La Corte de Distrito de Humacao erró al apreciar la prueba, por no sostener ésta la sentencia dictada en el caso.

"3.—La Corte de Distrito de Humacao erró al dictar la resolución enmendatoria de sentencia, *nunc pro tunc*, de 11 de noviembre de 1937."

Por cuanto no encontramos en la apreciación de la prueba error tan manifiesto que exija una revocación de la sentencia, y por tanto, no existe tampoco el primero de dichos errores.

Por cuanto si bien la mejor práctica hubiera sido quizá, oír a las partes antes de dictarse la resolución enmendatoria (Véase el caso de *Rodríguez* v. *Sánchez*, 48 D.P.R. 236, citado por el apelante) sin embargo, tratándose como se trata, de suplir una mera omisión involuntaria en la sentencia original, tal error de procedimiento por sí solo no justifica una revocación de dicha resolución, y no apareciendo excesivo el montante de los honorarios de abogado concedidos, ni verdadero abuso de discreción por haberse incluído tales honorarios en las costas.

Por tanto se confirma en todas sus partes la sentencia enmendada apelada que dictó la Corte de Distrito de Humacao en noviembre 11, 1937.

El Juez Presidente Sr. Del Toro no intervino.