Ada Bisinia Pastrana Díaz, menor representada por su madre, Isabel Díaz, demandante y apelada, *v.* Pedro Pastrana, demandado y apelante.

Núm. 8140.—*Sometido:* Junio 21, 1940. *Resuelto:* Julio 1, 1940.

*A. L. López,* abogado del apelante; *Burset & Pérez Pimentel,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Este es un caso que versa sobre pensión alimenticia a satisfacer por el padre a una hija menor que vive con la madre divorciada del padre y casada nuevamente con otra persona.

La corte de distrito por sentencia de noviembre 5, 1937, fijó la pensión en veinte y cinco dólares. Apeló el padre y la sentencia fué confirmada por este tribunal en diciembre 16, 1938. 54 D.P.R. 956.

En abril 27, 1939, el padre acudió a la corte sentenciadora y le pidió que lo exonerara de su obligación porque la madre había contraído nuevo matrimonio y ambas la madre y la

hija estaban en la mayor penuria, ofreciendo sostener a su hija en su propio hogar.

La corte resolvió en mayo 25, 1938, que la niña fuera internada en el Colegio de la Inmaculada Concepción de Santurce y luego, en junio 19 siguiente, en el de la misma Inmaculada situado en Manatí.

Apeló la menor representada por la madre y estableció además recurso de *certiorari,* decidiendo el cual esta Corte Suprema anuló la última de dichas resoluciones y devolvió el caso a la corte de su origen para ulteriores procedimientos de acuerdo con la ley. *Díaz* v. *Corte,* 55 D.P.R. 421.

Devuelto en efecto el caso a la corte inferior presentó en él la demandante en septiembre 29, 1939, una moción pidiéndole que ordenara al demandado que entregara a la menor las pensiones devengadas a partir del mes de mayo de ese año, con apercibimiento de desacato. También le pidió por otra moción de octubre 9, 1939, que reconsiderara y anulara su resolución de mayo 25, 1939, dejando en pie la sentencia original como fué dictada.

Se opuso el demandado a la reconsideración porque la resolución de mayo 25, 1939, estaba apelada para ante este tribunal, porque en la actualidad existía el mismo estado que llevó al juez a dictarla y porque no se alegaban hechos nuevos que pudieran justificar un cambio de criterio.

El nueve de octubre de 1939 tuvo lugar una vista a la que comparecieron ambas partes anunciando estar listas. Actuó el Juez F. García Quiñones que no fué el mismo que dictó la repetida resolución de mayo 25, 1939.

Los abogados de las partes expusieron al juez los antecedentes del caso. Insistió el demandado en que no podía reconsiderarse la resolución de mayo 25 por estar apelada y expresó su opinión acerca de que no obstante lo dispuesto por las reglas de la corte estando el juez que dictó la resolución trabajando en otro término, podía el juez que dirigía la vista intervenir en el asunto. El juicio se pospuso para cuatro días después.

Al comenzar la vista, el demandado pidió su suspensión por haberse retirado su abogado principal y por hallarse enfermo. El abogado Sr. López que hizo la moción admitió que representaba al demandado *como abogado secundario.* La corte denegó la moción y ordenó que se investigara si el demandado estaba en verdad enfermo. Insistió el demandado en la cuestión de jurisdicción levantada. Oyó la corte a los abogados y resolvió finalmente que dadas las circunstancias concurrentes y la naturaleza del asunto, tenía jurisdicción. Tomó excepción el demandado y anunció que no presentaría evidencia.

Llamada Isabel Díaz, madre de la menor, declaró ampliamente. Su hija vive con ella y va al Colegio de la Inmaculada Concepción de Santurce todos los días. Cursa el primer grado. Con dinero prestado la preparó para ponerla externa en el colegio que cuesta seis dólares al mes. Desde mayo 16, 1939, el padre nada le pasa.

Luego fué interrogada Isolina García y contestó que la niña vive con su mamá y va al colegio, siendo un hogar honrado el de la madre.

El diez y seis de octubre se investigó la cuestión de la enfermedad del demandado quedando al parecer el juez satisfecho de la exactitud de la certificación médica no jurada que se le presentó el trece. Indicó entonces al demandado que podía presentar su prueba y el demandado manifestó que no lo haría porque si lo hacía ello implicaría el abandono de la cuestión de jurisdicción que había suscitado. El juez le indicó que se trataba de una cuestión de jurisdicción de naturaleza privilegiada que podía levantarse en cualquier tiempo y dijo el demandado: "Si ése es el criterio de la corte, vamos a solicitar que el viernes próximo nos oiga" y el juez resolvió: "Entonces el viernes. Se trata de un asunto de familia y la corte para resolverlo quiere oír a las partes con amplitud. La cuestión de la jurisdicción puede levantarla aunque ofrezca prueba."

Se convino que se presentaría al juez una transcripción de la prueba que se practicó antes de dictarse la resolución de mayo 25, 1939. En la vista del viernes el demandado presentó en evidencia una carta que le dirigiera Sor Ma. del **Carmen Cuevas, Directora del Colegio de la Inmaculada en Santurce, que dice:**

"Estábamos conformes con que su hija viniese interna al Colegio, según se le había dicho a Ud., pero su mamá la matriculó como externa y supusimos que habían cambiado Uds. de modo de pensar.

"Si Ud. prefiere que esté interna no hay inconveniente, siempre que esté Ud. conforme con el precio y condiciones del Colegio, y que su mamá sea gustosa en tenerla aquí, pues sería enojoso que nos ocasionase molestias el tener interna la niña a disgusto de la madre.

"Si puede arreglar pacíficamente su entrada en el internado puede traerla cuando guste."

Tomó la corte bajo su consideración el caso y lo resolvió decretando "que Ada Bisinia Pastrana Díaz continúe bajo la patria potestad de su madre Isabel Díaz y que continúe asistiendo al Colegio de la Inmaculada Concepción, en Santurce, P. R.; y que el demandado deposite en la secretaría de esta corte las pensiones devengadas de $25 mensuales a partir del mes de mayo de 1939 y hasta el día de hoy, para ser dichas cantidades entregadas a la demandante, apercibiéndole de ser castigado por desacato al tribunal en caso de que desobedeciere los términos de esta resolución, debiendo asimismo dicho demandado depositar una vez satisfechas las cantidades pendientes, la suma de $25 mensuales el día último de cada mes, en la secretaría de este tribunal."

Y es contra esa resolución que ha apelado el demandado para ante este tribunal imputando a la corte haber actuado sin jurisdicción y haber apreciado la prueba parcialmente.

■ La falta de jurisdicción se hace consistir no sólo en la apelación interpuesta contra la resolución reconsiderada si que en haber decretado la reconsideración un juez de distrito distinto del que dictara la orden.

Es cierto que la demandante apeló de la resolución de mayo 25, 1939, por virtud de la cual la Corte de Distrito de Humacao decretó el ingreso de la menor en el Colegio de la Inmaculada de Santurce y recurrió de ella y de la subsiguiente de junio 19, 1939, por *certiorari* y es también cierto que esta corte al decidir el *certiorari* se limitó a anular expresamente la última de dichas resoluciones.

Empero en el curso de su opinión, se expresó así:

"Anulada la orden de junio 19, 1939, y señalado día para oír a las partes sobre la petición de junio 6, tendrá el juez de distrito una oportunidad mayor para actuar a conciencia, para juzgar si tal vez sería mejor para el bienestar de la niña, tan pequeña aún, que vaya, como indicó la madre en la vista de mayo 22, 1939, de externa al Colegio de la Inmaculada en Santurce y continúe viviendo, con la pensión razonable, al lado de la madre, recibiendo de tal modo al par que la luz de la instrucción, el afecto, el cuidado y el calor maternos que tanta falta hacen especialmente a su edad.

\* \* \* \* \* \* \*

"Nada revela en los autos prejuicio por parte del juez sentenciador, al contrario, el mejor deseo de acertar, de suerte que una nueva consideración del asunto por su parte constituye una garantía de justicia para todos los intereses envueltos." *Díaz* v. *Corte*, 55 D.P.R. 421, 430.

De hecho la apelación quedó abandonada. Quizá la demandante vaciló en desistir formalmente de su recurso ante el temor de que pudiera considerarse que ello implicaba que consentía la resolución. Prefirió acudir de nuevo a la corte de distrito y pedirle directamente que la reconsiderara. Se trata de un caso de alimentos, y no vemos que interpretada la actuación de la parte como un abandono de su apelación, no pudiera la corte intervenir.

■■ En cuanto al otro fundamento de la falta de jurisdicción, invoca el apelante la regla núm. 14 de la corte que dice:

"En los casos en que estuviere atendiendo un Juez, este continuará conociendo de los mismos hasta su resolución final, siempre y cuando que no surja una razón, circunstancia o necesidad que requiera la inmediata intervención del otro Juez."

Basta la mera lectura de la regla y el recuerdo de lo ocurrido, para resolver que no tiene razón el apelante. No se trata de una verdadera cuestión jurisdiccional. La regla es directiva. Además si la pauta que traza en su primera parte no fué seguida, se debió a que el juez que dictó la resolución cuya reconsideración se pidió y fué decretada se hallaba ocupado en otros asuntos y éste era de naturaleza urgente, y ello es conforme con la segunda parte de la propia regla invocada. Véase por vía de ilustración *Peña Vda. de Balbás* v. *Corte,* 39 D.P.R. 893.

El primer error señalado no existe en tal virtud. Tampoco el segundo. Examinada la prueba a la luz de todas las circunstancias que en el caso concurren, creemos que debe resolverse que el juez la apreció correctamente, de acuerdo con la ley y la jurisprudencia, tomando en consideración el bienestar de la niña.

*Debe confirmarse la resolución recurrida, o sea la de diciembre 13, 1939.*